495 So.2d 311 (1986)
STATE of Louisiana
v.
Steve MARESCO and Lori Wermuth.
KA-5004.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
*312 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff.
Joseph Meyer, Jr., New Orleans, for defendant.
Before BARRY, CIACCIO and HUFFT, JJ.
BARRY, Judge.
Defendants were convicted of attempted possession with intent to distribute methaqualone, La.R.S. 40:(979)967, and possession with intent to distribute marijuana, R.S. 40:966, and sentenced to fifteen months on each count to run concurrently.
On July 19, 1983 police officers received information concerning possible drug trafficking at 6802 Willow Lane, apartment 38, *313 the home of Lori Wermuth and her fiance, Gary Weaver. The officers secured a search warrant after a surveillance revealed an inordinate amount of pedestrian traffic to and from the apartment.
Gary Weaver and Steven Maresco were in the apartment when the warrant was executed the following afternoon. Wermuth was called at work and arrived shortly thereafter. Officers found seven pounds of marijuana packaged in large and small plastic bags in the kitchen and on the dining room table. A vinyl bag in a closed trunk in the rear bedroom contained 6,040 pills resembling methaqualone but found to be diazepam (valium). Officers also seized a balance scale, a rifle, $150.00, mail addressed to Wermuth, money order receipts dated July 9 and 12, 1983 sent to different locations in Florida (including one to Judith Maresco), and pages of a July 13, 1983 St. Petersburg, Florida newspaper in which some of the marijuana was wrapped. Wermuth, Maresco and Weaver were arrested and Wermuth's brother, Mark, was apprehended elsewhere. Mark Wermuth and Weaver pled guilty to attempted possession with intent to distribute methaqualone and possession with intent to distribute marijuana.
Defendants contend the trial court erred by denying their motion for acquittal based on insufficient evidence. They argue the State failed to prove possession because Wermuth was not present at the time of the seizure and Maresco did not reside in the apartment.
In our review of the sufficiency of evidence to support a conviction, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendants guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). La.R.S. 15:438 provides that where the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence.
The State is not obligated to prove actual or attempted actual possession of controlled substances, as the convictions may be supported by a showing of constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983).
A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it ... [G]uilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug ...
State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971).
Although Lori Wermuth was not home when the warrant was executed, the marijuana was seized in her apartment. At the time of the search Maresco was seated in the room where the marijuana was in plain view. One of the money orders sent to Florida was mailed to a person named Maresco.
The jury was satisfied that the State proved Wermuth and Maresco exercised sufficient control over the marijuana. Their conclusion was reasonable and there is no basis to hold otherwise.
The 6,040 pills found in a closed trunk in the rear bedroom were visually identical to methaqualone, but tests revealed they were diazepam. Even though methaqualone had not been manufactured for a few years, these counterfeit "quaaludes" had a street value of $1,500-$2,000.
The pills were in Wermuth's bedroom and in her constructive possession, thus the jury properly found her guilty of attempted possession with intent to distribute methaqualone.
There is no proof that Maresco knew the pills were in the bedroom. This lack of evidence does not meet the Jackson v. Virginia, supra, test. Maresco's conviction *314 of attempted possession with intent to distribute methaqualone must be set aside.
Defendants also contend the trial court erred by denying their motion for a new trial because Officer Cimino was not a qualified expert in the packaging, distribution, use and sale of controlled dangerous substances. They allege his testimony gave strength to the circumstantial evidence.
Officer Cimino testified as to the packaging of marijuana for resale and its street price of $300 to $600 per pound. He said the street value of the pills was $1,500 to $2,000. He explained that "mules" (drug couriers) often bring drugs in from Florida and that the items seized from Wermuth's apartment indicated "a major trafficking location for wholesale distribution."
Officer Cimino attended the Federal Drug Enforcement Administration School. He had seven years street experience including two years undercover work living with drug dealers. He lectured on dangerous substances and has qualified as an expert in all sections of Orleans Criminal District Court.
R.S. 15:464 provides:
On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony.
Competency of an expert witness is a question of fact within the sound discretion of the trial judge which will not be disturbed absent manifest error. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, Watson v. Louisiana, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). We find no abuse of discretion.
Lori Wermuth's convictions and sentences are affirmed. Steven Maresco's conviction and sentence on the marijuana charge are affirmed; however, because of insufficient evidence we reverse his conviction and sentence as to the methaqualone charge.
AFFIRMED IN PART: REVERSED IN PART