WARD, Judge.
A bill of information charged Edward Collins and his co-defendant Mary Sergent with possession of cocaine. They waived trial by jury and were tried together before Judge Frank Shea of the Orleans Parish Criminal District Court who found Collins guilty as charged and Sergent not guilty. Collins was later adjudged a multiple offender and sentenced to ten years imprisonment. Collins appeals, requesting a review for errors patent and arguing assignments of error on seven issues. Our review of the record reveals no errors patent; nor do we find merit in any of Collins’ assignments. We affirm his conviction and sentence.
The trial record shows that Officers Matthew Knoblauch and Alvin Doucette of the New Orleans Police Department responded *333 to a domestic disturbance call from Sergent who stated that her boyfriend Collins had beaten her in front of a bar on her way home from work. As a result of the altercation,- she wished to move out of the apartment where she and Collins lived together. The officers accompanied Sergent to the apartment where Collins let them in the front door.
Sergent began to pack her belongings while the officers stood guard. From his vantage point in the front room of the small apartment, Officer Knoblauch could see into an adjoining bathroom through the open door. He saw on top of the sink, which was five feet from where he stood, a syringe filled with a liquid and blood. Walking into the bathroom, Officer Knob-lauch found a matchbox on the sink, opened it and discovered a piece of foil with white powder residue on it. On the floor next to the sink he saw a glassine envelope containing white powder residue. Officer Knoblauch asked Officer Doucette to examine the objects. They believed the white powder to be cocaine and arrested Collins and Sergent.
Officer Daniel Waguespack, a criminalist expert with the New Orleans Police Department, testified that he determined from an analysis of laboratory tests that the contents of the syringe and the bag were positive for cocaine.
Sergent’s testimony corroborated that of Officers Knoblauch and Doucette, and she stated that the cocaine did not belong to her.
Collins took the stand and testified on his behalf. Although he admitted that he had lived for one year in the apartment with Sergent, he denied that he had any knowledge of the cocaine or the syringe. He denied opening the door to let the police enter. He further testified, that he was not even in the apartment when the police arrived and that only Sergent, not he, had been in the apartment on the day of the arrest. When he testified that he had never previously used drugs, the State introduced records of his convictions for attempted possession of heroin and possession of pentazocine.
Collins first assigns as error the failure of the Trial Judge to suppress the evidence seized by the investigating officers at the apartment because they did not have a warrant and because the circumstances of the case do not bring it within the “plain view” exception to the warrant requirement. The elements necessary for the plain view exception to the warrant requirement are: 1) there must be prior justification for an intrusion into a protected area, 2) in the course of which evidence is inadvertently discovered, 3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. Stott, 395 So.2d 714 (La.1981).
The facts of this case clearly bring it within the exception. The investigating officers went to the apartment to answer Sergent’s call for help. Even if Collins’ testimony was credible, Sergent, as a resident, had the authority to admit the officers, and hence they were lawfully on the premises. Moreover, the observation of the syringe was obviously inadvertent, and the record shows that any reasonable person, whether a police officer or not, would reasonably believe the items seized were contraband.
We now consider Collins’ second assignment of error that the evidence is insufficient to support his conviction for possession of cocaine under the due process standards established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 61 L.Ed.2d 560 (1979). The question is whether under Jackson a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found beyond a reasonable doubt that: 1) the defendant had possession of the cocaine, and 2) he knowingly possessed it.
Constructive possession as well as actual possession of an illegal substance, satisfies the possession element of La.R.S. 40:967. Constructive possession exists when the contraband is subject to the defendant’s dominion and control. Guilty *334 knowledge is an essential element of the crime of unlawful possession of an illegal drug. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971).
The facts of the present case—that the syringe and paraphernalia were found in a conspicuous place in the bathroom of an apartment which Collins had rented for over a year—indicate the cocaine was under his dominion and control and that he knowingly possessed it. These facts and the contradictions in Collins’ testimony seriously damage the credibility of his statement that he knew nothing about the cocaine. From the corroborating testimony of the police officers and Sergent, a reasonable trier of fact could have concluded beyond a reasonable doubt that Collins has possession of the cocaine. Thus, this second assignment of error is meritless.
By his third assignment of error, Collins contends that he should have been provided with a law library in order to aid him in preparation of his defense. The legal department at Orleans Parish Prison provides inmates access to the materials requested by Collins. Moreover, Collins was assisted by appointed counsel from arraignment through all subsequent proceedings. In view of these facts, this assignment is without merit.
In his remaining assignments of error, Collins complains of three alleged errors at his trial and one error at his sentencing hearing.
Collins first assertion of trial error is that he and Sergent should have been tried separately. This allegation ignores the record which shows that prior to trial Collins opposed Sergent’s motion for a severance and because he wanted a joint trial, Collins did not move to sever, as required by C.Cr.P. art. 704. He therefore may not now assign as error the joint trial.
Collins next complains that the Trial Court erred in allowing him to be tried in prison clothes. A defendant cannot be compelled to stand trial before a jury while dressed in prison clothes. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691 48 L.Ed.2d 126 (1976). Collins was tried, however, not before a jury, but before a judge who was aware of Collins’ pretrial incarceration. Thus, there was no prejudice in allowing Collins to appear in prison attire, and this assignment is meritless.
In final assignment of trial error, Collins argues he was not allowed to cross-examine co-defendant Sergent. The record shows that Sergent testified in her own defense and the State cross-examined her. Collins then called Sergent as his own witness, and he had every opportunity to question her. We find no merit to this assignment.
We likewise reject Collins’ argument that the Trial Court erred in sentencing him as a multiple offender under La. R.S. 15:529.1. Collins argues La.R.S. 40:967—the statute prohibiting possession of cocaine—provides enhanced penalties for that crime, and consequently the Trial Court should have sentenced him under that statute. La.R.S. 40:967, however, is not a recidivist statute. Thus, the Trial Court properly used La.R.S. 15:529 to further enhance Collins’ penalty. See State v. Sanders, 337 So.2d 1131 (La.1976).

AFFIRMED.