GULOTTA, Chief Judge.
Defendants, convicted of violating LSA-R.S. 40:966 by illegal possession or possession with intent to distribute peyote, raise several assignments of error attacking a search warrant, the sufficiency of the evidence, and the sentences imposed.
BACKGROUND
While executing a warrant to search for narcotics at 441 Hendee Street in New Orleans, police officers observed in plain view in a rear bedroom of the residence approximately 860 pieces of peyote cactus, a plant containing the controlled dangerous substance mescaline, a hallucinogen. The officers also found a whiskey bottle containing mescaline juice and small amounts of marijuana. Arrested were Rosina S. Wells, Paul E. Madison, and Edward E. Parsons (lessees of the apartment), Rudy Quan (a visitor from Ohio), and Thomas Sutliff (a local friend). Quan, Madison, Wells, and Parsons were subsequently charged with possession with intent to distribute peyote. Charges against Sutliff were not pursued, and he ultimately testified as a State's witness at trial.
The jury found Quan and Madison guilty as charged, but found Wells and Parsons guilty of simple possession. Quan was sentenced to ten years at hard labor, fined $15,000.00, and ordered to pay $124.00 in court costs or serve thirty days in default. Madison received six years at hard labor, a $10,000.00 fine, and was likewise ordered to pay costs or serve time in default. Wells received a suspended sentence of five years and was placed on active probation. Parsons was sentenced to serve ten years at hard labor, and was ordered to pay a fine of $5,000.00 and court costs.
Appealing, defendants have raised several assignments of error that overlap to some extent. All defendants attack the search warrant, contending that it lacked probable cause to issue. Parsons, Wells, and Madison further argue that the evidence fails to support their convictions. Two defendants also raise sentencing errors. Quan, an indigent, contends the trial court erred in imposing thirty days in default of payment of court costs as part of his sentence. Parsons argues that his ten year sentence for simple possession is excessive and fails to meet the requirements *841 of LSA-C.Cr.P. Art. 884 since it does not provide for further imprisonment if he fails to pay the fine.
VALIDITY OF THE SEARCH WARRANT
In the application for the search warrant on November 8, 1985, the affiant police officer stated that a confidential and reliable informant had told him on November 1 that he had visited the residence of Paul Madison at 3201 Rue Parc Fontaine, Apartment 2530 in New Orleans and had observed Madison and two other individuals “free basing” cocaine. Madison told the informant that he would sell him cocaine at $100.00 per gram in any quantity he needed at any time. Upon putting the apartment under surveillance on the same evening, the police officer observed two males enter the apartment and leave approximately five minutes later. During the remainder of the evening he observed four more subjects either enter the apartment or hold a brief conversation at the door.
The application for the warrant further states that on November 4, 1985 the confidential informant related to the officer that he had visited Madison at the apartment and had observed him meet with a man and exchange an unknown amount of money for a plastic bag of cocaine. When the informant told Madison that he was still interested in obtaining some of the drug, Madison stated that he could supply it at any time the informant was ready. During a one and one half hour surveillance of the apartment on November 4, the affiant officer observed three males and two females enter the apartment and saw four of the five subjects exit after five minutes. The application for the warrant noted also that Madison had an extensive arrest record including narcotic violations.
On November 5, 1985, the officer obtained a search warrant, but observed Madison and four or five other subjects moving out of the apartment on Rue Parc Fon-taine and loading their belongings into a pickup truck. Instead of serving the warrant, the officers followed the subjects to 441 Hendee Street and watched them move into the residence. On the following day, the informant told the officer that Madison had mentioned several times previously about moving because of “traffic” at the apartments.
On November 7, the informant told the officer that he had met Madison in his new residence and had observed several narcotic transactions involving marijuana and cocaine on that date. According to the affidavit, Madison “was starting to pressure” the informant into buying cocaine. On the following day, the officers obtained and executed a second warrant for narcotics at 441 Hendee Street, leading to the discovery of the peyote and defendants’ arrests.
In attacking the validity of the search warrant, defendants contend that the affidavit in the instant case did not afford sufficient timely and factual details to establish probable cause. Defendants argue that the confidential informant allegedly observed only a small quantity of cocaine being consumed by the three individuals at the Rue Parc Fontaine apartment, and this information did not establish that contraband would be on the Hendee Street premises eight days later. Defendants further point out that the police surveillance did not reveal any criminal activity, and the informant’s statement that he “observed several narcotic transactions” at the Hen-dee Street premises on November 7, 1985 was vague and failed to specify the quantity involved or establish that the informant observed actual drugs on the premises at that time. Accordingly, defendants contend that the motion to suppress should have been granted and the evidence of the search excluded at trial.
In reviewing a finding of probable cause, we must determine whether the “totality of the circumstances” as set forth in the affidavit is sufficient for the magistrate to decide, in a practical and common sense manner, that there is a fair probability that contraband will be found in the particular place. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Rodrigue, 437 So.2d 830 (La.1983). A warrant is based upon probable cause when the facts and circumstances *842 within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. LSA-C.Cr.P. Art. 162; State v. Manso, 449 So.2d 480 (La.1984), certiorari denied Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984); State v. Hughes, 433 So.2d 88 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). The facts serving as the basis for probable cause must be contained “within the four corners” of the affidavit. State v. Duncan, supra.
We conclude that the recitations in the application for the warrant in the instant case were sufficiently specific for the magistrate to find probable cause. Madison repeatedly offered to sell drugs to the informant both at the Rue Parc Fontaine apartment and the Hendee Street residence. According to the informant, Madison told him he could supply “... as much as he would need, and anytime was good.” Although no narcotics were observed by police before the search, the informant’s information was corroborated by police surveillance and investigation that revealed a suspicious traffic of individuals at Madison’s apartment and the suspect Madison’s prior record of narcotics offenses. Even though the subjects moved from one apartment to another, the informant contacted the officer and told him that he had observed several transactions involving marijuana and cocaine at the new address where Madison pressured the informant about buying cocaine. Under the totality of these circumstances, the affidavit provided specific facts sufficient to support a reasonable belief that illegal drugs might be found at the premises at 441 Hendee.
We further reject Wells and Parsons’ argument that the search warrant filed with the clerk of court was undated and therefore deficient. At the motion to suppress hearing, the State presented a dated copy of the warrant from the police officer’s files. Furthermore, the affidavit recites events that happened on November 7, and the warrant was ultimately executed on November 8. Under these circumstances, the warrant was not stale, and the lack of a date on the copy in the court record does not affect its validity.
Defendants’ assignments of error concerning the search warrant are meritless.
SUFFICIENCY OF EVIDENCE
In additional assignments of error, Wells, Parsons, and Madison further contend that the evidence is insufficient to support the jury’s guilty verdicts. The thrust of their arguments is that the peyote found in the house was only transiently on the premises, having been brought into the residence by their out-of-town visitor, Rudy Quan, without their knowledge. According to defendants, the State failed to prove they exercised dominion and control over the cactus and had guilty knowledge of it so as to have been in constructive possession of it.
Thomas Sutliff, defendants’ local friend, testified that he visited 441 Hendee Street, which was leased to Wells, Parsons, and Madison, on the afternoon of November 8, 1985. On that occasion Parsons and Madison were not at home, but Wells and defendant Rudy Quan, the visitor, were there. Wells told Sutliff that Quan had “just gotten into town” and needed a ride to a bus station in downtown New Orleans to pick up his travel bag. Wells did not indicate what the bag contained.
Sutliff drove Quan to the bus station and signed to have the bag released when Quan was unable to furnish identification or a key to the clerk at the station. Sutliff testified that when questioned by the station clerk about the contents of the bag, Quan stated it contained “cactus” and pulled out “a little green thing ... about the size of a half dollar” to show the clerk. Apparently, neither the clerk nor Sutliff recognized the contents of the bag as illegal peyote. Sutliff and Quan then returned to the Hendee Street address without discussing the bag any more. After returning to the apartment, however, Quan offered Sutliff a drink from a whiskey bottle that was later determined to contain mescaline.
*843 After returning with Quan to the apartment at approximately 5:30 p.m., Sutliff left but came back later that evening. He testified that Parsons and Madison had returned home from work about a half hour before their arrest and he had not seen them go into the suitcase or the left rear bedroom where the quantity of cactus was later found. As far as Sutliff knew, Quan did not advise any of the defendants of the contents of the suitcase. Shortly before the police arrived, however, Madison answered the telephone in the left rear bedroom and remained there for several minutes where the peyote was visible in the open closet. According to Sutliff, upon their arrest Quan stated to the others that “... he had been through this stuff before and he could get us out of it, not to worry about anything.” Madison told police that he and Wells did not reside at 441 Hendee Street but at the apartment next door. The adjoining apartment was vacant.
To support a conviction of possession of a controlled dangerous substance in violation of LSA-R.S. 40:966, the State must prove that the defendant was in possession of the illegal drug and also that he had the requisite intent of knowingly possessing it. The State need not prove the defendant was in actual possession of the drug, however, since constructive possession is sufficient to support the conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The standard of appellate review for sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). Where circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded as provided by LSA-R.S. 15:438. Nonetheless, there is no separate test for the sufficiency of circumstantial evidence apart from the Jackson standard. Rather, all the evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Feraci, 499 So.2d 1218 (La.App. 4th Cir.1986); State v. Fernandez, 489 So.2d 345 (La.App. 4th Cir.1986).
A defendant’s mere presence in the area where the drugs are found or his acquaintance with the person who has actual possession is insufficient to prove constructive possession by the defendant. State v. Trahan, supra; State v. Harden Johnson, 404 So.2d 239 (La.1981), cert. denied Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Nonetheless, a person may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Harden Johnson, supra. Such joint possession of a drug in the physical possession of a companion is shown if the defendant willfully and knowingly shares with the companion the right to control the drug, guilty knowledge being the essential element. State v. Trahan, supra; State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir.1986). Possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra.
This court has held the lessee of an apartment to be in constructive possession of a drug found on the leased premises, even though not in the lessee’s physical custody. In State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), a lessee who was not at home when a warrant was executed at her apartment was found to be in constructive possession of marijuana in plain view on a dining table in the apartment and of illegal pills found in a closed trunk in her rear bedroom. Likewise, in State v. Collins, 495 So.2d 331 (La.App. 4th Cir.1986), the defendant was held to have dominion, control, and knowing possession of cocaine and drug paraphernalia found in a conspicious place in the bathroom of an apartment he had rented for over a year and shared with his girlfriend, even though the defendant denied any knowledge of the contraband and claimed not to have been in the apartment when the police arrived.
In the instant case, though Quan, the out of town visitor, brought the suitcase containing peyote into the other defendants’ apartment, the large quantity of contra *844 band — over eight hundred pieces weighing a total of 28 pounds — was arrayed in the open bedroom closet. A photograph of a man eating mescaline was also at the scene and the whiskey bottle containing mescaline juice was in the right rear bedroom. A single piece of peyote was found on the living room floor. The peyote had been in the house for several hours and all the defendants had arrived home within a sufficient time to have been aware of the peyote before the police arrived. Although there was no direct evidence that Wells, Parsons, or Madison handled the drug as directly as Quan did, the three defendants were lessees of the apartment and had full access to all of the rooms during this time, including the left rear bedroom where the drug was in plain view and where defendant Madison was found.
Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have reasonably found the defendants Wells, Parson, and Madison to have had dominion and control as well as guilty knowledge of the peyote. Although the cactus is an exotic plant that was not readily recognizable as an illegal drug by the bus clerk and Sutliff, it is significant that Quan told his fellow arrestees that he had “been through this stuff before” and could extricate them. It is also noteworthy that Madison gave an evasive answer to police by stating that he lived in a vacant apartment next door to the premises searched. These responses upon arrest support a conclusion that defendants had guilty foreknowledge that the illegal peyote was present on the premises. It is also significant that the jury was aware that the residents of the Hendee Street apartment were under surveillance for suspected narcotics trafficking and that marijuana was found in the house. This evidence gives rise to an inference that defendants were familiar with drugs and not simply naive victims unaware of their visiting guest’s baggage.
In so holding, we distinguish State v. Harden Johnson, 404 So.2d 239 (La.1981). In the cited case, evidence was insufficient to find an apartment dweller guilty of possession of narcotics where, at the time of the search and arrest, her visiting friend was caught attempting to dispose of a bottle of pills in the bathroom toilet. The only evidence that the apartment dweller shared her friend’s possession of the pills was the dweller’s attempt to leave the scene when police arrived. Unlike Johnson, in the instant case, the large quantity of peyote brought onto the premises by the out-of-town visitor was in plain view in an open closet in the apartment shared by the three defendants who had unrestrained access to it. We are not confronted with a small quantity of drugs concealed in Quan’s suitcase or other circumstances indicating that Quan had exclusive dominion and control over the contraband such as the visitor had in Johnson, supra. Accordingly, the Supreme Court's holding in Johnson does not compel us to reverse the convictions in the instant case.
Having reviewed the evidence, we conclude that the record supports Quan’s guilt for possession with intent to distribute, since the large quantity of peyote (approximately 28 lbs.) gives rise to a presumption that he intended to distribute the drug to others. State v. Sibley, 310 So.2d 100 (La.1975). With regard to the other defendants, however, although the evidence is sufficient to convict Wells and Parsons of simple possession, it is not any stronger against their fellow lessee, Madison. Although Madison was found in the same room as the peyote, his closer proximity to the drug, without more, does not justify his conviction for a grade of the offense higher than that committed by Wells and Parsons. Accordingly, we reduce Madison’s conviction to the lesser included offense of possession of peyote and remand his case for resentencing.
SENTENCING ERRORS
We have noted an error patent in Quan’s sentence insofar as it orders him to pay court costs of $124.00 or serve thirty days in default of payment. Because Quan was declared indigent soon after arraignment, he cannot be subjected to imprisonment for a longer period of time because he is unable to pay a fine or court costs. *845 State v. Barnes, 496 So.2d 1056 (La.App. 4th Cir.1986). Accordingly, his sentence must be vacated in part to delete the provision providing for thirty days imprisonment in default of payment of the fine.
Parsons contends that his ten year sentence (the statutory maximum) and $5,000.00 fine for possession, are excessive and lack a factual basis. According to Parsons, the trial judge relied on an inaccurate F.B.I. “rap sheet” and miscalculated his prior record of arrests and convictions, instead of ordering a presentence report as requested by defendant.
At the sentencing hearing, the judge stated as follows:
“BY THE COURT:
Edward Parsons stands convicted by jury of the crime of possession of Peyote in the amount of 28 pounds, or 860 buttons. The evidence indicates that the defendant and three others were in joint possession of the drug which had been apparently imported from out of state for sale here.
The court has considered sentence in view of provisions in Code of Criminal Procedure, Article 894.1, A and B. The defendant is 28 years old, single, and gives as his occupation carpenter for a general contractor.
There is no evidence of any extenuating or mitigating circumstances as listed in the Code of Criminal Procedure Article 894.1 B. On the other hand, the defendant’s record reveals some 18 felony arrests and 31 misdemeanor arrests. He has two felony convictions and four misdemeanor convictions.
In 1978 he was convicted of possession with intent to distribute PCP and placed on active probation for a period of three years. In 1983 he was convicted of distribution of PCP and sentenced to serve 18 months in the custody of the Department of Corrections.
It is interesting to note that this defendant has two convictions for carrying a concealed weapon; one conviction for aggravated battery. He pleaded guilty to battery on a charge of attempted murder. And he has been arrested for possessing an unregistered weapon and was known as “Shotgun Eddie” at one time.
The Court is convinced that this defendant is incorrigible and must be incarcerated for the longest period allowáble under the law. It is, therefore, the sentence of this Court that the defendant, Edward F. Parsons, serve 10 years at hard labor in the custody of the Department of Corrections. In addition, the defendant is ordered to pay a fine of $5,000 and to pay court cost in the amount of $124.”
Parsons argues that the trial judge’s statements that defendant had a prior record of 18 felony arrests, 31 misdemean- or arrests, 2 felony convictions, and 4 misdemeanor convictions constitute a “miscalculation” of the items reported on the rap sheet. Parsons further denies any prior convictions for carrying a concealed weapon or for aggravated battery. According to Parsons, the rap sheet shows that he was charged with attempted murder and the charge was reduced to simple battery. He also points out that the trial judge’s statement that defendant was convicted in 1983 of distribution of phencyclidine is erroneous in that he was convicted in 1983 of a probation violation on an underlying phencyclidine violation but was not convicted on a second charge of distribution of the drug.
We find no merit to Parsons’ contentions that his sentence is excessive. A review of the sentencing transcript reveals that the trial judge adequately considered the guidelines of LSA-C.Cr.P. Art. 894.1. Although Parsons asserts that the judge miscalculated his prior arrests and convictions as set forth on the rap sheet, he fails to particularize the alleged errors or to give this court a proper accounting of his prior record. Although Parsons correctly points out that his probation on an underlying conviction of distribution of PCP was revoked in 1983 for various probation violations rather than a second narcotics conviction, this apparent inaccuracy does not destroy the remainder of the factual basis for the maximum sentence imposed. Indeed, the rule to revoke probation alleges that
*846 Parsons pled guilty to separate charges of illegal carrying of weapons and thus corroborates the sentencing judge’s statement that the defendant has two prior convictions for carrying a concealed weapon. Considering Parsons extensive prior record, we conclude that the maximum sentence was justified in this case.
We do find merit, however, to Parsons’s argument that his sentence violates LSA-C.Cr.P. Art. 884, which provides that a sentence including a fine or costs shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not the exceed one year. In the instant case, the trial judge ordered Parsons to serve ten years at hard labor and additionally to pay a $5,000.00 fine and $124.00 in court costs, but he failed to impose an alternative of imprisonment in default of payment of the fine and costs. Accordingly, because the sentence violates LSA-C.Cr.P. Art. 884, we must vacate that portion of the sentence imposing the $5,000 fine. We remand Parson’s case for reconsideration and re-sentencing concerning the fine, bearing in mind, however, that imprisonment beyond the statutory maximum cannot be imposed on a defendant unable to pay the fine. State v. O’Guin, 467 So.2d 854 (La.App. 2nd Cir.1985).
DECREE
Accordingly, Quan’s conviction for possession with intent to distribute peyote is affirmed. Although we find no error in the term of imprisonment, the fine imposed on him is vacated in light of his indigency. Wells’s conviction and sentence for possession of peyote are affirmed. Madison’s conviction for possession with intent to distribute peyote is reduced to a conviction for possession of peyote, and his case is remanded for resentencing. Parsons’s conviction for possession of peyote is affirmed, but his case is remanded for resentencing in compliance with LSA-C.Cr.P. Art. 884.
QUAN’S CONVICTION AFFIRMED; SENTENCE VACATED IN PART;
WELLS’S CONVICTION AND SENTENCE AFFIRMED;
PARSONS’S CONVICTION AFFIRMED; REMANDED FOR RESEN-TENCING;
MADISON’S CONVICTION REDUCED TO SIMPLE POSSESSION; REMANDED FOR RESENTENCING.
HERBERT A. CADE, J., Pro Tem., concurring in part and dissenting in part.