539 So.2d 105 (1989)
STATE of Louisiana
v.
Edward REAUX.
No. KA-7981.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Rehearing Denied March 15, 1989.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Harry F. Connick, Dist. Atty., Terry Boudreaux, Asst. Dist. Atty., New Orleans, for appellee.
Before BYRNES, LOBRANO and WARD, JJ.
LOBRANO, Judge.
On June 4, 1986 Major J. Taylor and Edward Reaux were charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. Taylor pled guilty. Reaux, the defendant herein, was found guilty by a twelve member jury. He was subsequently charged as a multiple offender, to which he pled guilty. He was sentenced to fifteen years in the Department of Corrections.
Reaux appeals his conviction asserting the trial judge erred by admitting "other *106 crimes" evidence during his trial and that there was insufficient evidence to support his conviction.
FACTS:
The record shows the following facts.
Based on information received from a confidential informant Officers Pedro Marino and Lloyd Clark established a surveillance of 1720 St. Ann Street. They were told by the informant that four black males were selling drugs in front of that address. The officers established their surveillance at approximately 8:20 p.m.
Officer Marino was parked in a van positioned on a neutral ground approximately fifty to sixty yards from 1720 St. Ann Street. Officer Clark was mobile in an unmarked police vehicle equipped with a radio. He would drive around the area. Officer John Rice and his partner, Officer Fortunato, were also in a car in the area which had radio contact with Officer Marino.
Officer Marino testified that he immediately observed four individuals in front of 1720 St. Ann, to wit: Edward Reaux, Major Taylor, Carl Wilson, and a fourth unknown subject. The men were seated on the porch steps.
Officer Marino testified that he observed a couple arrive and park across the street from 1720 St. Ann. He observed the driver cross the street and meet with the fourth individual, who was never identified. He then observed the two in a transaction where the visitor gave the man a small object and received something from the man in return, whereupon he returned to his vehicle and left. Officer Marino broadcast this information to Officers Rice and Fortunato along with the description of the car and its occupants.
Officers Rice and Fortunato stopped the car and arrested its occupants, one of whom was identified as Roosevelt Joseph. From inside the vehicle, the officers recovered two syringes and a clear plastic bag containing a white powdered substance which was later chemically analyzed and determined to be cocaine. The man who made the alleged sale to Roosevelt Joseph was never stopped or identified by any police officer involved in the case.
Officer Marino continued his surveillance and at about 10:20 p.m. he observed a black male, approximately thirty-five years old, walk from Orleans Avenue on Claiborne towards St. Ann. He said the black male then proceeded to 1720 St. Ann.
Reaux, Taylor and the unknown subject were sitting on the steps. Marino testified that he observed Reaux and Taylor get up and meet the man just a few feet away from 1720 St. Ann. The man reached into his pocket, took something out of it and gave it to Reaux. Marino testified that the object the man retrieved from his pocket was a small object, handled the same way that paper currency is handled. Marino testified that simultaneous with the visitor's and Reaux's actions, Taylor, turned into the alley on the lakeside of 1720 St. Ann. He returned a few seconds later and handed the visitor a small package.
Shortly thereafter, an arrest was made. Reaux was searched incident to the arrest and fifty dollars in cash was recovered from his person. Officer Clark went into the alley and located a brown paper wrapper containing three packets of a substance which he believed to be cocaine. Upon subsequent testing, his belief was confirmed.
Officer Robert McNeil was qualified as an expert in narcotics transactions. He testified about the various ways in which cocaine is distributed throughout the City of New Orleans. He testified that drug dealers usually work in teams of two, maybe three. He stated that usually one member of the team will meet the prospective buyer. He will take the money from the buyer before bringing any product to him to prevent his product from being ripped off. He will then give the money to a second individual and go to an area away from the site of the buyer in order to retrieve what they call the stash. They remove the product from the stash and bring it back to the buyer.
ASSIGNMENT OF ERROR NO. 1
By this assignment Reaux complains that it was error for the court to *107 allow the State to introduce evidence of cocaine seized from Roosevelt Joseph. Defendant argues that this cocaine was allegedly purchased from the fourth unknown subject who was never stopped or identified, and thus constituted evidence of another crime that had no connexity to defendant or the crime with which he was charged. Defendant relies on State v. Prieur, 277 So.2d 126 (La.1973) and State v. Talbert, 416 So.2d 97 (La.1982).
The Prieur decision reiterates the basic rule of law that evidence of other crimes is inadmissible except under special exceptions. The Prieur case deals with the exception recognized as "knowledge, system or intent". La.R.S. 15:445 and 446. State v. Talbert, supra, deals with the exception of "modus operandi", as well as "knowledge, system or intent."
In the instant case, we believe the evidence was properly admitted under the res gestae exception. La.R.S. 15:447 provides:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
In State v. Craddock, 435 So.2d 1110 (La. App. 1st Cir.1983) the court set forth the following guidelines for the introduction of evidence under the res gestae exception.
"In order to constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form, in conjunction with it one continuous chain. R.S. 15:448; State v. Sharp, 414 So.2d 752 (La.1982). Also evidence of other crimes which are part of the res gestae is always admissible without balancing its probative value against its prejudicial effect. (citations omitted).
A very close connexity between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception is required." Id. at 1117.
In the instant case, Officer Marino testified that he observed four individuals in front of 1720 St. Ann Street. One of the individuals was the defendant. Another was and is unknown. Officer Marino's surveillance was for several hours. The individual later identified as Roosevelt Joseph approached the four and conducted a transaction with the unknown subject. Marino testified that the four kept getting up, sitting down and moving about. It is clear that the defendant and the unknown subject were acquainted and that the transaction between Roosevelt Joseph and the unknown subject took place in defendant's presence.
We are satisfied that the res gestae requirements have been met. Marino's testimony provides the connexity in time and place between the four individuals involved in the drug transaction. The actions of each individual were clearly part of the common scheme to sell illegal drugs. This conclusion is clearly supported by the expert testimony of Officer McNeil. Accordingly, we find no merit in this assignment.
ASSIGNMENT OF ERROR 2
Defendant argues there was insufficient evidence to support his conviction. He urges the evidence was entirely circumstantial, and that the state failed to prove its case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence.
The appropriate standard of review concerning the sufficiency of evidence to support a conviction is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could have found the defendant guilty beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986); La.R.S. 15:438. In this case, the State was required to prove that the defendant possessed cocaine and had the requisite intent to distribute it.
The State proceeded on the theory that the defendant had joint, constructive possession *108 of the cocaine. In State v. Trahan, 425 So.2d 1222, 1226 (La.1983), the court stated "the jurisprudence has not established precise guidelines as to what constitutes `possession' of drugs under the narcotic laws. Actual physical possession is, of course, sufficient and various cases hold that there may be `constructive possession' when the material is not in the physical possession of a person but is under his dominion and control."
In determining whether defendant exercised the requisite dominion and control the jury may consider his knowledge that illegal drugs are in the area, his relationship with one found to be in actual possession, his access to the area where drugs were found, his physical proximity to the drugs and the evidence that the area was frequented by drug users. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir. 1984).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. Trahan, supra; State v. Bailey, 452 So.2d 756 (La.App. 2nd Cir. 1984); State v. Barber, 445 So.2d 463 (La. App. 4th Cir.1984). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La.R.S. 15:445.
The facts of the instant case which indicate control and dominion by the defendant is the circumstances that he, Major Taylor, Carl Wilson and an unknown individual were together for about two hours at one specific location, doing nothing more than hanging out on a street corner known for narcotics activity. The defendant and Major Taylor met a customer and talked with him briefly. The customer went into his pocket and handed something to the defendant. Taylor went into the alley and returned seconds later and handed something to the customer. Officer Clark retrieved cocaine from the alley and fifty dollars in cash was taken from the defendant. Instances regarding knowledge and intent could reasonably be drawn from these facts. A logical conclusion is that the defendant and Taylor were principals in a scheme to possess cocaine with intent to distribute. The testimony of Officers Marino and Clark is further illuminated by the expert testimony of Officer McNeil with respect to what actually was occurring on that street corner. This assignment of error lacks merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.

REHEARING DENIED
Defendant asserts that this Court, in our original opinion failed to address his pro se assignment of error. He complains that he was improperly advised of his rights prior to pleading guilty to the multiple bill. We disagree.
We have reviewed the transcript of the multiple bill proceeding and find no error.