LOBRANO, Judge.
On May 31, 1985 defendant, Caridad Marquez, was charged by bill of information (Case No. 308-251) with possession of cocaine with intent to distribute (count one) and possession of marijuana with intent to distribute (count two), violations of La.R.S. 40:967 and La.R.S. 40:966. On January 24, 1986, defendant was charged by bill of information (Case No. 312-165) with possession of cocaine in an amount greater than twenty-eight (28) grams but less than two-hundred (200) grams, a violation of La. R.S. 40:967.[1]
Defendant pled not guilty in Case No. 308-251 and 312-165 on July 2, 1985 and February 28, 1986, respectively. Defendant filed motions to suppress the evidence and confessions in Case Nos. 308-251, 312-165 and 312-086. A consolidated hearing in these matters was conducted on March 10, 1986. The cases were consolidated for a bench trial held on April 29, 1986. On October 2, 1986 the trial court found defendant guilty of simple possession of cocaine (Case No. 308-251, count one), guilty of *638 possession of marijuana (Case No. 308-251, count two), and guilty of simple possession of cocaine (Case No. 312-165). Defendant waived all sentencing delays. Defendant was sentenced to serve three (3) years at hard labor on count one in Case No. 308-251; six (6) months in parish prison on count two in Case No. 308-251 and seven (7) years at hard labor with credit for time served, the first year of the sentence to be served without benefit of parole, probation or suspension of sentence in Case No. 312-165. All sentences were ordered to run concurrently.
FACTS:
I. CASE NO. 308-251
On May 3, 1985, Detective Pedro Marino along with several other narcotics officers from the New Orleans Police Department executed a search warrant for an apartment located at 7001 Lawrence Road in New Orleans. Upon entering the apartment, the officers proceeded to an upstairs bedroom where they found defendant and three male subjects. Inside a dresser drawer they found some white powder wrapped in a dollar bill. Defendant and the three male subjects were brought downstairs where they were placed under arrest for possession of cocaine and advised of their Miranda rights. Defendant told Officer Marino that there was no cocaine in the apartment and that she paid the rent for the apartment. The officers continued their search of the apartment. Detective Michael Glassier seized a clear plastic bag containing a white powder in the same dresser drawer where the white substance wrapped in the dollar bill was found. Detective Glassier also found two coin envelopes containing green vegetable matter inside the sleeve of a ladies blouse hanging in the bedroom closet. Other drug paraphernalia such as a gram scale and two amber bottles, one containing Oxtol powder, were seized by Officer Guy Fortu-nato from the bathroom sink cabinet.
Officer Ed Dunn of the New Orleans Police Department Crime Laboratory testified that the white substance found wrapped in the dollar bill and in the clear plastic bag tested positive for cocaine. The vegetable matter in the coin envelopes tested positive for marijuana.
II. CASE NO. 312-165
On December 10, 1985, Detective Marino received a tip from a confidential informant that cocaine was being sold in room 339 of the Howard Johnson Motel on Old Gentilly Road in New Orleans. Detective Marino and several other narcotics officers rented two rooms adjacent to room 339. Detective Marino was in room 341. By placing his ear against the common wall between the two rooms he was able to overhear conversations concerning the preparation and use of cocaine. Meanwhile, in another part of the motel, a female subject from room 339 approached undercover Officer Lloyd Clarke and offered to sell him cocaine. Based on these occurrences, Detective Mar-ino obtained a search warrant and returned to the motel. Before executing the warrant, Detective Marino again placed his ear against the common wall and overheard further drug related conversations. The name “Cachitta” was mentioned several times. Detective Marino was familiar with defendant and knew this to be her nickname. He also knew her to be a drug dealer. In responding to a telephone call he heard defendant tell the caller that an “eighth” was available. In addition he heard the other persons in the room discussing cocaine pipe smoking.
Detective Marino and the other officers then entered the room to execute the warrant. The defendant and another female were found ■ sitting on one of the beds. Two men were standing by a desk. Detective Marino observed vegetable matter on top of the desk. This was presumed to be marijuana and was seized. A pipe and razor blade were found by a basin near the bathroom. In a box spring under the bed upon which defendant was sitting, Officer Robert McNeil found two large glassine bags of a white powder totalling 30 grams in weight.
Officer Charles Krone of the New Orleans Police Department crime laboratory testified that the white powder residue found in the pipe and the powder in the two *639 plastic bags tested positive for cocaine. The vegetable matter tested positive for marijuana.
Defendant appeals her convictions and sentences asserting the following assignments of error:
1) The trial court erred in reversing itself at trial and allowing an inculpatory statement into evidence which it had previously suppressed in Case No. 308-251.[2]
2) The state failed to present sufficient evidence to find defendant guilty beyond a reasonable doubt in Case No. 312-165.
ASSIGNMENT OF ERROR 1.
In Case No. 308-251, defendant asserts the trial court granted her motion to suppress an inculpatory statement made to Detective Marino to the effect that she paid the rent for the apartment where the drugs were found, and then erroneously reversed this ruling at trial and allowed the statement into evidence. C.Cr.P. Art. 703(F). We disagree.
After hearing the testimony relative to defendant’s statement about paying the rent (Case No. 308-251), the trial court stated he would withhold ruling on the motion to suppress until he heard the testimony concerning defendant’s statement about her prior drug activity in Case No. 312-165. At the close of the suppression hearing in both cases, the trial court ruled that defendant’s statement (in Case No. 312-165) that the cocaine found in the motel room did not belong to her was exculpatory and admissible, but that her statement that she sold cocaine in the past would be suppressed. This ruling is clear from the following statement of the trial court:
“That the motion to suppress statements is moot in this case. That those statement [sic] you made [sic] use them or the district attorney may use the one where she denies that the cocaine is her’s. That is an exculpatory statement, not subject to a motion to suppress. And there’s no sense in my ruling on other one, because I am not going to be able to allow it to be used at trial ...” (emphasis added).
The trial court’s use of the phrase, “in my ruling on other one” refers to defendant’s other statement regarding her prior drug activity which statement was made in Case no. 312-165. This is corroborated by the minute entry which clearly shows that the court granted the motion to suppress the confession in Case Nos. 312-165 and 312-086, which are the statements made following the search of the motel room. No ruling was made on the statement regarding her paying the rent following the search of her apartment (Case No. 308-251).
At the consolidated trial of these matters, Detective Marino attempted to testify that defendant stated she paid the rent for the apartment. The defense objected on the grounds that the court had previously ruled this statement inadmissible. With respect to the statement, the following exchange took place:
“Q. [State] Were you able to ascertain who, whose apartment that was that was that you entered into?
A. Yes. The apartment was Ms. Marquez’s. She stated that she pays—
BY MRS. KOGOS: [Defense]
Objection, Your Honor. There is a Motion to Suppress in this hearing. There was no statement or motion for any statements was granted at that time.
BY MR. WILLIAMS: [State]
We have a 768 notice in the file, Judge.
BY THE COURT:
I will maintain the objection. Sustain the objection. I maintained the Motion to Suppress Statements.
BY MR. WILLIAMS: [State]
In this case, Judge?
BY THE COURT:
*640 Yes, sir.
BY MR. SPINUZZA: [State]
Your Honor, could we approach the bench?
BY THE COURT:
Yes, sir.
[[Image here]]
BY THE COURT:
Mrs. Kogos, just for the clarification of the record since I handled both of them at the same time?
BY MRS. KOGOS: [Defense]
I am sorry I couldn’t hear the question.
BY THE COURT:
Just for the clarification of the record, since I handled both motion at the same time I know that I maintained the motion on the other case.
BY MRS. KOGOS: [Defense]
Yes, your Honor, it was that the motion was sustained both cases, your Hon- or, at that time.
BY THE COURT:
I am going through it again, Mrs. Ko-gos. I will make my decision again today on this particular case. Do you desire to Cross Examine the witness on the predicate of the confession or the statement?
⅜ ⅜ s(c ¡fc jj{ ⅞:
BY THE COURT:
Submit, gentlemen?
BY MR. WILLIAMS: [State]
Submit it, Judge.
BY THE COURT:
Do you have any evidence that you desire to present on the voluntariness of the statement? Do you have any evidence you desire to present, Mrs. Kogos, on the statement? I am going to rule again on the statement.
BY MRS. KOGOS: [Defense]
No, your Honor. Our contention is still going to remain the same that this— in fact we have already gone through this procedure in another hearing, your Honor. That this Court sustained Motion to Suppress Statements made in both cases at that time.
BY THE COURT:

I am going to re-rule. I am going to re-rule on the lateral statement in this particular case only.

BY MRS. KOGOS: [Defense]

Please note that we desire to note an objection in this matter, your Honor.

BY THE COURT:
We will note your objection.” (emphasis added.)
Although the above exchange indicates some confusion by the trial court as to whether he had previously ruled on the defendant’s statement regarding the rent, the minute entry and transcript of the suppression hearing clearly shows that he had not ruled on the admissibility of this particular statement following the hearing on the motion to suppress. ' Thus, the court did not erroneously re-rule to admit the statement at trial. His ruling at trial was clearly the first time the judge made a definitive ruling on the admissability of the statement. For whatever reason, no ruling was made at the suppression hearing regarding Case No. 308-251.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2.
Defendant asserts the state failed to present sufficient evidence (Case No. 312-165) to find her guilty beyond a reasonable doubt of possession of over twenty-eight grams of cocaine. She specifically argues that the state failed to prove that she had constructive possession of the cocaine. We disagree.
The appropriate standard of review concerning the sufficiency of evidence to support a conviction is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could have found the defendant guilty beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986); La.R.S. 15:438. In this case, the State was required to prove that the defendant possessed cocaine. The state *641 need not prove the defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Hall, 524 So.2d 179 (La.App. 4th Cir.1988). In State v. Trahan, supra, the court stated, “the jurisprudence has not established precise guidelines as to what constitutes ‘possession’ of drugs under the narcotics laws. Actual physical possession is, of course, sufficient and various cases hold that there may be ‘constructive possession’ when the material is not in the physical possession of a person but is under his dominion and control.” at p. 1226.
The mere presence of someone in the area where a controlled dangerous substance is found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981); State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985). The defendant must willfully and knowingly share in the right to control the substance. Guilty knowledge is the essential element. State v. Trahan, supra; State v. Hall, supra; State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir.1986).
In determining whether defendant exercised the requisite dominion and control the trier of fact may consider his or her knowledge that illegal drugs are in the area, his relationship with one found to be in actual possession, his access to the area where drugs were found, his physical proximity to the drugs and the evidence that the area was frequented by drug users. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989), citing, State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ den., 450 So.2d 644 (La.1984).
The elements of knowledge and intent are states of mind and need not be proven as facts. They may be inferred from the circumstances. State v. Reaux, supra, citing State v. Trahan, supra; State v. Barber, 445 So.2d 463 (La.App. 4th Cir.1984); State v. Bailey, 452 So.2d 756 (La.App. 2nd Cir.1984), writ den. 456 So.2d 161. The finder of fact may draw reasonable inferences to support these contentions based upon the evidence presented at trial. State v. Reaux, supra, citing State v. Edwards, 354 So.2d 1322 (La.1978); La.R.S. 15:445.
The facts peculiar to the instant case clearly exhibit guilty knowledge as well as dominion and control sufficient to support a finding of constructive possession by defendant. Defendant was a known drug dealer. Detective Marino’s surveillance of room 339 was based on information from a confidential informant that sales of cocaine were being conducted there. Another female exited the room and offered to sell cocaine to another undercover detective. Detective Marino heard one of the male subjects arranging the sale of an ounce of cocaine. He heard defendant arranging the sale of an “eighth”. Detective Marino also heard the occupants engaged in conversation about cocaine pipe smoking. The search revealed marijuana on top of the desk, a cocaine pipe and razor blade on the wash basin, two bags of cocaine secreted inside a box spring. Sixteen hundred ($1,600.00) dollars was found in defendant’s purse and she dressed herself with clothing hanging on the clothes rack.
Thus, the evidence presented at trial was sufficient for a reasonable trier of fact to have found defendant guilty as charged.
For the foregoing reasons, defendants convictions and sentences are affirmed.
AFFIRMED.

. Defendant was also charged by bill of information (Case No. 312-086) with possession of marijuana. Defendant is not appealing her conviction in this case or in count two of Case No. 308-251 for which she was convicted only of possession of marijuana, as both are misdemeanors.

. In Case No. 308-251 defendant sought to suppress her statement to Officer Marino that she paid the rent for the apartment where the contraband was seized and where she and the other defendants were arrested. In Case Nos. 312-165 and 312-086, defendant sought to suppress her statement to Officer Marino that the cocaine found in the motel room was not hers but that she did sell cocaine at one time to help support her children. These matters were consolidated for hearing on March 10, 1986.