635 So.2d 389 (1994)
STATE of Louisiana
v.
Gary D. HARRIS.
No. 93-KA-0416.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*390 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
Gary D. Harris was convicted of possession of cocaine with the intent to distribute in violation of La.Rev.Stat.Ann. § 40:967 (West 1992).[1] He was sentenced to ten years hard labor, suspended, and placed on five years active probation with special conditions, including serving eighteen months in parish prison. In addition, $161.50 court costs were imposed, and the court ordered that he serve thirty days in prison in default of the payment of these costs. The issues on appeal are whether the evidence was sufficient to prove Harris had constructive possession of the cocaine and whether the imposition of court costs was error.
Based on complaints that crack cocaine was being sold from 14101 Curran Boulevard, Apartment 135-F, a police surveillance of apartment building "F" was set up and a confidential informant was sent in to perform a controlled buy. Police observed approximately six instances where a car drove up to the apartment building breezeway and, after exchanging words with Harris who apparently acted as "lookout,"[2] an occupant of the car would then walk with Harris into the hallway to the right of the stairs. Minutes later, Harris and the visitor would reappear and the visitor would leave.
Based on this information a search warrant was obtained for Apartment 135-F, the right rear apartment. The officers, upon arriving to execute the warrant, arrested Harris sitting on the stairs adjacent to the apartment. Police officers found a matchbox containing eight rocks of crack, each one wrapped in a small plastic bag, lying on the *391 ground next to the door to Apartment 135-F and an alligator clip in the defendant's pocket. The warrant was then executed for the apartment. Two women were inside; one ran into the bathroom and police heard a flushing toilet. Small ziploc bags containing a white residue, a few rocks of crack, a bent wire with a cotton swab on the end, and some weapons were seized from inside the apartment. The rocks seized from the apartment and the matchbox tested positive for cocaine.
Harris, claiming that he was sitting in the stairway waiting for his sister's return,[3] testified in his own defense. The defense presented several corroborating witnesses, including the two women arrested inside the apartment upon execution of the search warrant, Margaret Bryant and Deborah Monroe.[4]
Viewing the evidence in a light most favorable to the prosecution, we find that any rational factfinder could have found beyond a reasonable doubt that Harris had constructive possession of the cocaine and the requisite intent to distribute it. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); See also State v. Reaux, 539 So.2d 105, 107-08 (La.App. 4th Cir.1989) (Dominion and control over narcotics may be shown by a defendant's knowledge that illegal drugs are in the area, his relationship with the one in actual possession, his access to the area where the drugs were found, his physical proximity to the drugs, and evidence that the area was frequented by drug users).
The trial court ordered Harris to serve thirty days imprisonment in the event court costs were not paid. Harris was represented by private counsel at trial and sentencing, but later declared indigent for appeal purposes. An indigent defendant cannot be subjected to imprisonment for a longer period of time because he cannot pay a fine or court costs. A defendant is considered indigent for sentencing purposes if he is found to be indigent at any point in the proceedings, including while on appeal. State v. Berryhill, 562 So.2d 1105, 1111-12 (La.App. 4th Cir.1990) (citations omitted). Thus, the portion of Harris' sentence which imposes jail time in lieu of payment of court costs is deleted.
Accordingly, Harris' conviction is affirmed. His sentence is amended to delete that portion requiring him to serve an additional 30 days in jail for failure to pay court costs and, as amended, reinstated.
CONVICTION AFFIRMED; SENTENCE, AS AMENDED, REINSTATED.
NOTES
[1] Three other defendants were charged in this case. A nolle prosequi was entered as to one defendant, and the other two defendants pled guilty.
[2] The visitors either approached Harris or Harris flagged down the car and waived the drivers over to the breezeway.
[3] His sister's apartment was located on the right front side of the building, across from the apartment where the search warrant was executed.
[4] Ms. Monroe, the resident of apartment 135-F, admitted pleading guilty to charges arising from this incident and indicated that the bent wire with the cotton, which was used to smoke crack, belonged to her husband. Although she admitted selling cocaine that night from the apartment, she insisted that Harris was not involved in the sales and that she did not know if he walked her customers to her apartment. Ms. Bryant also entered a guilty plea to charges arising from the incident.