557 So.2d 1034 (1990)
STATE of Louisiana
v.
Beatrice JACKSON.
No. 89-KA-0738.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Joseph Meyer, Jr., New Orleans, for defendant-appellant.
Before BARRY, KLEES and WILLIAMS, JJ.
BARRY, Judge.
The defendant was charged with possession of cocaine, La.R.S. 40:967, and found guilty of attempted possession of cocaine. After denial of defendant's motion for post judgment verdict of acquittal, she was sentenced to eighteen months at hard labor, suspended, and placed on eighteen months probation with special conditions.
FACTS
On November 2, 1988 plainclothes officers Howard Martin and Fred Thompson were on routine patrol. As their unmarked white Ford LTD approached the 4700 block of Flake Street, an area known for drug trafficking, the officers observed a car speed away leaving behind a man later identified as Lee Steele. Steele walked alongside an abandoned building at 4708 Flake. Because the building was closed and the officers were not sure "what was going on", they exited their car and Martin followed Steele at a distance of 10-15 feet. Steele threw a matchbox to the ground which Thompson retrieved and recognized the contents as drugs. Martin identified himself as police and told Steele he was under arrest.
Steele ran behind the abandoned building into one of two small apartments. Officer Martin entered what was later identified as Steele's apartment and saw a "little podium type home-made bar" where the defendant was standing. Martin ordered the defendant to sit on the sofa and he secured Steele. Officer Thompson arrived and the officers seized a glass pipe with cocaine residue, another pipe, a mirror with traces of cocaine, a razor blade with traces of cocaine, test tubes, glasses, and a bag containing *1035 a white substance which appeared to be a material used to cut cocaine. The items were not tested for fingerprints. At trial it was stipulated they are items used in cocaine consumption. The defendant was charged with possession of cocaine.
There is no evidence that the defendant resided in Steele's apartment.
The sole assignment of error contends that the defendant's motion for post verdict judgment of acquittal should have been granted because the evidence was insufficient to support a conviction for attempted possession of cocaine.
A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
La.C.Cr.P. Art. 821 B. See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
La.R.S. 15:438 provides that when a conviction is based on circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438 is an evidentiary guide for the jury, not a stricter standard of review. State v. Woods, 526 So.2d 443 (La.App. 4th Cir. 1988).
The State need only establish constructive possession, rather than actual or attempted actual possession of the controlled substance, to support an attempted possession conviction. State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ denied 500 So.2d 419 (La.1987).
A person who is not in physical possession of a substance may have constructive possession when the substance is under the person's dominion and control. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989). However, the mere presence of a defendant in proximity of drugs or the defendant's knowledge of the presence of drugs in the premises where he is located is insufficient to prove constructive possession. Young v. Guste, 849 F.2d 970 (5th Cir.1988).
In Maresco, supra, a warrant was executed on the apartment of Lori Wermuth and her fiance, Gary Weaver, while Weaver and Steven Maresco were in the apartment. Among other contraband in the apartment, several thousand pills of a controlled substance were found in a closed trunk in the rear bedroom. Wermuth and Maresco argued there was insufficient evidence to support their convictions for attempted possession with intent to distribute.
As to Wermuth this Court found sufficient evidence since the pills were found in her bedroom which constituted constructive possession. Maresco's conviction was reversed because there was "no proof that Maresco knew the pills were in the bedroom."
In State v. Broadnax, 503 So.2d 511 (La.App. 4th Cir.1986), codefendant Young was convicted of possession of pentazocine. When police attempted to execute a warrant Young slammed the door to prevent their entry. Once inside the police seized money, illegal drugs, some jewelry which appeared to belong to Young, scales and weapons. The jewelry in question was on top a dresser in which the drugs were found. This Court affirmed the conviction and the Supreme Court denied writs. 508 So.2d 64 (La.1987). After the federal district court denied Young's habeas corpus petition, her conviction was reversed based on insufficiency of the evidence. Young v. Guste, 849 F.2d 970 (5th Cir., 1988).
The federal Fifth Circuit reasoned that though slamming the door by Young was sufficient to establish guilty knowledge, the mere presence of jewelry bearing Young's name or initials on top the dresser in which the drugs were found was insufficient to establish Young exercised dominion and control over the drugs.
In this case the only possible evidence to support a finding that the defendant exercised dominion and control over the drugs was that she was standing next to paraphernalia which had traces and residue of cocaine. There was no evidence that the residue-containing pipe was warm, that the defendant's fingerprints were on any item, that the defendant tested positive for cocaine, or that the defendant was anything more than a guest in the apartment.
We conclude the evidence is legally insufficient to establish that the defendant exercised *1036 any dominion or control over the objects which had residue and traces of cocaine.
The conviction is reversed.
REVERSED.
WILLIAMS, Judge, concurs.
Although I agree that the evidence was insufficient to support a finding that the defendant was in constructive possession of the drugs, I disagree with the majority as to the proof required to show dominion and control over the contraband. One could reasonably conclude from the fact that the defendant was alone in the house at the time the officers and Steele arrived that she had access to the apartment. However, there was nothing in the record to show the relationship between defendant and Steele; whether defendant frequented the apartment; how long she had been there on the day of the arrest; whether she had a history of drug use; or whether the apartment was frequented by drug users. State v. Walker, 514 So.2d 602, 605 (La. App. 4th Cir.1987).
Moreover, State v. Maresco, cited by the majority, is distinguishable from the instant case. This Court overturned Maresco's conviction of possession with intent to distribute methaqualone where the pills were found in a closed trunk in a back bedroom, a wholly different situation than here, where defendant was in direct proximity to the cocaine. What the majority does not state is that this Court upheld Maresco's conviction of possession with intent to distribute marijuana, where he was seated in the same room that officers found seven pounds of marijuana in plain view, together with a money order receipt mailed to a person named Maresco. Significantly, however, the drugs which were in plain view of defendant in the instant case amounted only to "traces" and "residue," perhaps barely perceptible.
For these reasons, I respectfully concur.