578 So.2d 1032 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Elray J. FONTENOT, Defendant-Appellant.
No. Cr90-809.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
Writ Denied June 28, 1991.
Ron Ware, Public Defender Office, Lake Charles, for defendant-appellant.
Elaine B. Solari, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, KNOLL and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether there was sufficient evidence to support the jury's finding that defendant was guilty of possession of cocaine and whether the trial court erred by imposing an excessive sentence upon the defendant.
Elray J. Fontenot (hereinafter defendant) was charged by bill of information with the crime of possession of cocaine, a felony in violation of La.R.S. 40:967(C). Defendant pled not guilty and was tried before a jury. The jury found defendant guilty as charged on May 15, 1990. Defendant filed a Motion for Post Verdict Judgment of Acquittal which was denied. On May 23, 1990, the trial court sentenced defendant to serve a term of twenty-four months in the parish jail, with credit for time served. The defendant timely appealed urging two assignments of error. We affirm.

FACTS
On October 22, 1989, Calcasieu Parish Sheriff's deputies were dispatched to Popeye's Fried Chicken restaurant on Enterprise Boulevard in Lake Charles, Louisiana *1033 to investigate a disturbance. When the deputies arrived at the restaurant, they found defendant harassing the customers. Wallace Dempsey Young (hereinafter Young), a detective with the Sheriff's Department, testified that defendant seemed very intoxicated and was very belligerent toward the officers. The officers informed defendant that the manager had complained about him and asked defendant to leave the area. Defendant left, but returned 10 to 15 minutes later. The officers were again dispatched to the restaurant. The officers arrived to find the defendant again causing a disturbance.
The officers placed defendant under arrest for remaining on the premises after being forbidden and transported him to the Calcasieu Parish jail. As the jail was crowded and defendant had only committed a misdemeanor, defendant was issued a misdemeanor summons. At this point, defendant became belligerent and refused to sign the summons. Because of his refusal to sign the summons, the officers proceeded to book defendant into the parish jail.
A strip search of defendant was conducted before placing him into a cell. As a result of the search, the officers found a large hammer and a small pipe object with tape on it in defendant's underwear. Young recognized the pipe as drug paraphernalia and requested that the drug be tested at the crime lab to determine if it contained a controlled dangerous substance. Young testified that he had seen similar instruments on numerous occasions and that the instrument is commonly used in smoking cocaine. Young further testified that, in most cases, drug paraphernalia will be found hidden on the person's body.
On cross-examination, Young stated that he did not see or smell any cocaine from the pipe found on defendant. A drug screen was not conducted on defendant after he was arrested.
Patrick Ieyoub (hereinafter Ieyoub), Director of the Southwest Louisiana Crime Lab, testified that he conducted a chemical test on the pipe. The pipe was scraped and a liquid solvent was shot into the pipe to collect enough particles for the testing. The test proved positive for cocaine. Ieyoub testified that he has seen similar devices during his years of working at the crime lab and knows them to be used for smoking cocaine. Ieyoub stated that he was not able to weigh the cocaine because there was not enough to weigh.
Defendant testified that he does not use cocaine and did not knowingly possess it on October 22, 1989. Defendant admitted that he possessed the pipe, but stated that he was holding it for a friend while the friend went into the liquor store. Defendant testified that he "knew" there was no cocaine in the pipe, and that he is familiar with drug paraphernalia because he used to work for the Calcasieu Parish Sheriff's office in the 1970's as an undercover agent. Defendant declared that he had been drinking that night but had not used any cocaine. Defendant further testified that, when he took possession of the pipe, he knew it was a crack pipe.
Defendant was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C). Defendant pled not guilty, but was found guilty as charged by a jury of six on May 15, 1990. Defendant filed a Motion for Post Verdict Judgment of Acquittal, which was denied. On May 23, 1990, the trial court sentenced defendant to serve a term of twenty-four months in the parish jail, with credit for time served. Defendant timely appealed citing two assignments of error. First, defendant assigns error to the jury's verdict on the grounds that it was not supported by the law and evidence. Second, defendant assigns error to the sentence imposed by the trial court on the grounds that it was excessive.

LAW
In his first assignment of error, defendant maintains that the jury's verdict of guilty of possession of cocaine is not supported by the law and evidence.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most *1034 favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983).
It is the role of the factfinder to weigh the respective credibilities of the witnesses and, therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order to obtain a conviction, the State must prove the essential elements of the charged offense, possession of cocaine, beyond a reasonable doubt.
La.R.S. 40:967(C) provides in pertinent part:
"It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part."
Defendant admits that he knowingly and intentionally possessed a crack cocaine pipe, but alleges that he did not think it contained cocaine. Defendant argues that the State failed to produce any credible evidence that defendant knew the pipe contained cocaine or that he possessed the pipe with the intent to possess cocaine. Defendant claims that his mistaken belief is a classic example of mistake of fact as found in La.R.S. 14:16. Defendant contends that his mistaken belief precludes him from forming the requisite mental intent required to be guilty of possession of cocaine.
La.R.S. 14:16 provides:
"Unless there is a provision to the contrary in the definition of a crime, reasonable ignorance of fact or mistake of fact which precludes the presence of any mental element required in that crime is a defense to any prosecution for that crime."
The State argues that it would be unreasonable to conclude that the defendant did not know that the pipe contained cocaine. Defendant admitted that he knowingly possessed a pipe used to smoke crack cocaine. Defendant also testified that he worked as an undercover agent in the 1970's and knew exactly what such a pipe was used for. The fact that the amount of cocaine in the pipe was not readily visible does not support defendant's argument that he did not know he possessed cocaine. In State v. White, 535 So.2d 929 (La.App. 2 Cir.1988), writ den., 537 So.2d 1161 (La.1989), a glass tube with a red rubber stopper, containing a few drops of liquid and some tobacco gleanings, was seized from defendant's jacket pocket. The defendant, when shown the tube, claimed it contained "nothing," that there was not enough in the tube to test, and that the police "didn't have anything on him." The court, in affirming defendant's conviction, found that a rational trier of fact could reasonably have found he was aware of the presence of this substance on his person.
Whether an accused knows a substance he possesses is a narcotic drug may be proved by direct or circumstantial evidence. However, the question of sufficiency of the evidence is a question of fact for the factfinder. State v. Perique, 340 So.2d 1369 (La.1976); State v. Humphreys, 319 So.2d 344 (La.1975). The factfinder may draw reasonable inferences to support conclusions as to guilty knowledge based upon evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Tasker, 448 So.2d 1311 (La.App. 1 Cir. 1984), writ den., 450 So.2d 644 (La.1984).
Clearly, the jury did not believe defendant's version of the facts or that his claimed ignorance or mistake of fact, if believed, was reasonable. We are of the opinion that these circumstances constitute some evidence that defendant knowingly possessed cocaine and we find that a reasonable trier of fact could have concluded beyond a reasonable doubt that defendant *1035 knowingly possessed cocaine. Thus, this assignment of error lacks merit.
In his second assignment of error, defendant contends that the trial court erred by imposing an excessive sentence upon him.
Defendant was found guilty of possession of cocaine, a violation of La.R.S. 40:967(C). The statutory sentencing range for violating La.R.S. 40:967(C) is imprisonment with or without hard labor for not more than five years and a possible fine of not more than $5,000.00. La.R.S. 40:967(C)(2). Defendant was sentenced to serve a term of two years in the parish jail with no fine imposed.
In imposing sentence, the trial judge considered that defendant is a 45 year old male with an extensive criminal record. Defendant has had more than 30 arrests through the years which included burglary, theft, possession of narcotic paraphernalia, shoplifting, sale of heroin, criminal mischief, simple trespass, aggravated assault, and disturbing the peace. However, defendant has only been convicted of misdemeanors: trespassing, remaining on premises after being forbidden, and criminal possession of a hypodermic needle.
The record shows that, before the imposition of sentence, the sentencing court considered the defendant's extensive misdemeanor record and the leniency the courts had previously given him. See State v. Stanford, 539 So.2d 762 (La.App. 3 Cir. 1989). The trial judge stated that he felt the defendant needed incarceration and that the defendant has been given every possible chance to lead a law abiding life.
We find that the trial court did not abuse its discretion in sentencing defendant. The sentence is clearly within the permissible limits of the statute and, therefore, is not excessive. See, State v. Doyle, 574 So.2d 563 (La.App. 3 Cir.1991). We find defendant's second assignment of error to be without merit.
For these reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
The majority determines that the circumstances of the case show some evidence that defendant knowingly possessed cocaine and finds that a reasonable trier of fact could have concluded beyond a reasonable doubt that defendant knowingly possessed cocaine. In reaching that determination, the majority relies upon State v. White, 535 So.2d 929 (La.App. 2nd Cir. 1988), writ denied, 537 So.2d 1161 (La. 1989). For the following reasons, I respectfully disagree, finding that "some evidence" is insufficient to meet the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). Determination of whether there is possession sufficient to convict depends upon the peculiar facts of each case. State v. Trahan, 425 So.2d 1222 (La.1983).
State v. White, supra, relied upon by the majority, is clearly distinguishable from the present case. The linchpin in White is the presence of corroborating evidence. In particular, the Second Circuit relied heavily on White's flight from the police, commenting that flight "is one of the circumstances from which guilt can be inferred", and White's comment to police at arrest that there was not enough in the vial to test for illegal drugs. In light of these corroborating facts, our brethren of the Second Circuit upheld White's conviction.
In the case sub judice there is no corroborating evidence, and what is woefully lacking is evidence to support the element of intent to possess. In affirming defendant's conviction, the majority, in essence, concludes that the following evidence establishes beyond a reasonable doubt defendant's intent to possess cocaine:
1) Defendant was arrested for disturbing the peace in a store for harassing customers;

*1036 2) The investigating officer said defendant did not have cocaine on him (defendant), but that defendant was intoxicated;
3) The crack pipe was found in defendant's underwear;
4) Defendant claims he was holding the pipe for a friend;
5) Defendant knew the pipe was a crack pipe;
6) Defendant claimed he did not know there was cocaine in the pipe; and,
7) The cocaine at issue is a trace and was used up in its entirety in testing to determine if it was cocaine.
I find this evidence insufficient to find guilt beyond a reasonable doubt. This evidence at best establishes suspicion only.
In Justice Lemmon's dissent in State v. Trahan, he stated, "The trace of cocaine in a small vial on the back shelf in a bedroom closet was not, by itself, sufficient evidence to support a conviction of possession of cocaine."
Applying the law and jurisprudence to the facts of the case before us, I find that the evidence of this case does not prove that Fontenot was guilty beyond a reasonable doubt. Accordingly, I would reverse defendant's conviction and sentence, and order him discharged.