588 So.2d 398 (1991)
STATE of Louisiana, Appellee,
v.
Leroy SPATES, Jr., Appellant.
No. 22775-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*400 Indigent Defender Board by Spencer Hays, Ford E. Stinson, Jr., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., Benton, for appellee.
Before MARVIN, SEXTON and STEWART, JJ.
SEXTON, Judge.
The defendant, Leroy Spates, Jr., was charged with and, following a jury trial, was convicted of possession of cocaine. He was then sentenced to the maximum term of imprisonment of five years at hard labor. On appeal, the defendant argues that there was insufficient evidence to support his conviction and that the five-year sentence was excessive. Finding neither of the assignments of error to have merit, we affirm the defendant's conviction and sentence.
Around dusk on June 15, 1989, Captain Ricky Spier of the Narcotics Division of the Bossier City Police Department was executing a search warrant at a residence in Bossier City. The defendant was in the front yard of that residence. Captain Spier searched him and found a small piece of radio antenna with a piece of Brillo pad on the end in defendant's right front pants pocket. In Captain Spier's opinion, based on his experience, the antenna was a "straight shooter," an item used exclusively to smoke crack cocaine. The straight shooter was confiscated and tests revealed that it contained a small amount, approximately one milligram, of cocaine residue.
Defendant initially argues that there was insufficient evidence to support his possession of cocaine conviction. Specifically, defendant claims there was insufficient evidence that he possessed the cocaine knowingly or intentionally.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984).
To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. State v. Matthews, 552 So.2d 590 (La.App.2d Cir.1989), writ denied, 559 So.2d 137 (La.1990); State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). Guilty knowledge is therefore an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982); State v. Christopher, 561 So.2d 935 (La.App.2d Cir. 1990), writ denied, 567 So.2d 1124 (La. 1990). Whether the accused knew the substance was a narcotic drug is a matter of proof by direct or circumstantial evidence. State v. Goiner, supra; State v. Perique, 340 So.2d 1369 (La.1976).
In the instant case, the evidence of the defendant's guilty knowledge is circumstantial. We therefore note that the rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, *401 it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. However, this statutory rule for circumstantial evidence does not provide a separate test from the Jackson v. Virginia standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984); State v. Eason, 460 So.2d 1139 (La.App.2d Cir.1984), writ denied, 463 So.2d 1317 (La.1985). Although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Chism, 436 So.2d 464 (La. 1983); State v. Sutton, 436 So.2d 471 (La. 1983). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson v. Virginia to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Wright, supra; State v. Eason, supra.
We note at the outset that a conviction for possession of controlled dangerous substances may rest on the possession of mere traces or residue of the substance. See State v. White, 535 So.2d 929 (La. App.2d Cir.1988), writ denied, 537 So.2d 1161 (La.1989); State v. Fontenot, 578 So.2d 1032 (La.App. 3rd Cir.1991), writ denied, 582 So.2d 1305 (La.1991). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of a drug, it is clear that the amount of the substance will have some bearing on a defendant's guilty knowledge.
A consideration of other reported cases involving the possession of trace amounts of controlled dangerous substances is instructive of the evidence necessary in such cases to show a defendant's guilty knowledge. However, we are careful to note the distinctions in each case. Ultimately, the determination of whether there is possession of a controlled dangerous substance sufficient to convict depends on the facts peculiar to each case. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Chambers, supra.
In State v. Trahan, supra, the two defendants were convicted of possession of cocaine. A small vial containing a residue of cocaine had been found in a bedroom occupied by defendant Trahan in a trailer rented by defendant Leleaux. The amount of cocaine was too small to be measured or weighed, it was consumed during testing, and the vial in which it was contained was lost prior to trial. Also seized at the trailer was a material commonly used for cutting cocaine. Leleaux testified that he knew nothing about the vial or its contents and Trahan did not testify at trial. The Louisiana Supreme Court reversed the convictions, finding insufficient evidence of the defendants' guilty knowledge. Seemingly implicit in the supreme court's opinion is a finding that, with two defendants, the state failed to sufficiently connect either or both of the defendants to the cocaine to allow an inference of guilty knowledge.
In State v. White, supra, the defendant had been convicted of possession of PCP. Seized from the defendant's jacket pocket during a search incident to the defendant's arrest was a glass tube containing trace amounts of PCP. The drug was consumed during testing. The defendant had attempted to flee from law enforcement officials prior to his arrest and, although refuted by defendant at trial, there was testimony that at the time of his arrest he had made inculpatory statements indicative of guilty knowledge. This court distinguished the case from Trahan and affirmed defendant's conviction.
In State v. Fontenot, supra, the Third Circuit reviewed a possession of cocaine conviction. A search following the defendant's arrest revealed a small pipe with tape on it inside the defendant's underwear. Tests performed on the pipe showed it contained cocaine residue. Defendant testified at trial that he knew that the pipe was a crack (cocaine) pipe, but he also testified that he knew that the pipe did not contain cocaine and additionally that he *402 was merely holding the pipe for a friend. The appellate court, nevertheless, affirmed the conviction, finding sufficient evidence that defendant knowingly possessed the cocaine.
In the instant case, unlike in White and Fontenot, the defendant's actions and statements at the time of his arrest were not clearly indicative of his guilty knowledge. There is no evidence that he attempted to flee from law enforcement officials nor that he made any inculpatory statements. Neither did the defendant testify at trial. However, the instant case also differs from Trahan in that there was no failure to physically connect this defendant with the cocaine. As in White and Fontenot, the controlled dangerous substance was seized directly from the defendant's person.
The undisputed facts in the instant case show that the defendant was in possession of a piece of radio antenna with a piece of Brillo pad on the end. Without contradiction, Captain Spier testified that the only known use for this so-called straight shooter was to smoke crack cocaine. Evidence of a defendant's possession of narcotics paraphernalia is relevant evidence of a defendant's intent or guilty knowledge of his possession of controlled dangerous substances. State v. Porter, 344 So.2d 1031 (La.1977); State v. Lewis, 566 So.2d 1120 (La.App.2d Cir.1990). The straight shooter was located in defendant's front pants pocket. It is unreasonable to believe that defendant could have a metal item located in his front pants pocket without knowledge of it. Moreover, it must be assumed that any object in a person's front pants pocket must have been placed there by the party or with his knowledge. The straight shooter itself clearly was knowingly possessed by the defendant.
We also find that defendant had the requisite guilty knowledge that the straight shooter contained cocaine. As we have stressed, the piece of antenna is utterly without utility other than for the ingestion of a controlled dangerous substance, namely, that found, cocaine. From the nature of the defendant's possession of an object with no other use, save as drug paraphernalia, there is no other reasonable explanation but that he had guilty knowledge that the straight shooter contained cocaine residue. Viewing the evidence presented in a light most favorable to the prosecution, we find the state has proven the essential elements of the crime of possession of cocaine beyond a reasonable doubt.
Defendant's remaining assignment of error concerns the alleged excessiveness of the five-year hard labor sentence. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The trial court's compliance with 894.1 is clear. The court first explained that it had carefully reviewed the presentence investigation (PSI) report which had been ordered in this case. The trial court noted that defendant was 30 years old and outlined the facts of the offense. The trial court noted that defendant had refused to make a statement about the offense to the probation officer who prepared the PSI. The PSI also reflects that the defendant *403 had a cavalier attitude toward the offense, showing a lack of concern and a total disregard for the judicial process.
Thereafter, the court outlined the defendant's criminal history. Defendant had a juvenile record, though the details are unknown. His extensive adult record included a 1977 misdemeanor conviction for gambling, a 1979 conviction for loitering, and a May 1980 misdemeanor conviction for disturbing the peace by being drunk. In June 1980, he was again arrested for disturbing the peace while drunk, but the charge was dismissed upon the defendant's payment of court costs. In 1982 defendant was convicted of burglary and received a two-year suspended hard labor sentence with two years supervised probation. Thereafter, he was convicted of misdemeanor theft and disturbing the peace by being drunk in 1984 and drinking in public and disturbing the peace by drinking in 1986. Finally, in December 1988, he was arrested for possession of cocaine with intent to distribute. On April 4, 1990, he was allowed to plead guilty to attempted possession of cocaine with intent to distribute and was sentenced to five years hard labor to be served consecutively to any other sentence.
The trial court next reviewed defendant's employment history and education. It noted that defendant had never held a job and had not been in the military service. He had left high school at age 15 and never received his G.E.D. The defendant has no vocational training or special skills.
The trial court examined defendant's social history. The defendant has a history of drug and alcohol abuse, beginning with stealing tranquilizers from his grandparents at age 12, drinking beer and wine beginning at age 14, taking speed at the age of 16, and smoking marijuana beginning at age 18. Defendant admitted to smoking cocaine on occasion and drinking alcohol daily, though he reported that he rarely gets drunk. The trial court noted that defendant has mental problems, having been diagnosed as paranoid schizophrenic in 1986, requiring medication every four weeks. The trial court further noted defendant's doctor's statement that this illness did not make defendant unable to perform daily functions around the house, but likely prevented defendant from holding a paying job. We also note that the PSI reflects that defendant does not report for his medication and treatment for his mental problems as often as he should, coming to the mental health center every six to eight weeks rather than the necessary monthly treatment.
Finally, the court looked to defendant's eligibility for the Intensive Incarceration and Parole Supervision Program (IMPACT), LSA-R.S. 15:574.4 and 15:574.5, and his eligibility for probation. The trial court noted that the PSI recommended against the IMPACT Program because of defendant's other pending felony charge for which he has now been convicted and sentenced, the defendant's substance abuse problems, and his mental illness, though defendant was technically eligible for the program. The court also pointed out that defendant was eligible for supervised probation, but the PSI recommended against it because defendant had shown little remorse and no intention of concluding his criminal actions.
From this, the trial court determined that there was an undue risk that during a suspended sentence or probation defendant would commit other crimes. It stated that defendant needed correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of the offense. Finally, the trial court noted that defendant's conduct did not harm anyone else, but it was in no way justified or excusable. The trial court found that defendant was likely to continue his criminal behavior, particularly as he had failed to participate in a pretrial drug testing program. Therefore, the trial court concluded that he would not respond well to probationary treatment.
Our review must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more *404 than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
In the instant case, the maximum penalty was justified notwithstanding that defendant was in possession of only a trace of cocaine. The defendant's criminal propensities began as a juvenile and have continued unabated throughout his adult years. Throughout his criminal career, defendant has demonstrated problems with alcohol and drug abuse.
In light of the defendant's extensive criminal history, including two prior felony convictions and his continuing problems with drug and alcohol abuse, along with the other well-articulated reasons espoused by the trial court, we find no abuse of the trial court's discretion in sentencing the defendant to the maximum sentence. Accordingly, we find the sentence is not excessive.
As we find that the defendant's assignments of error are without merit, we affirm the defendant's conviction and sentence.
AFFIRMED.