749 So.2d 874 (1999)
STATE of Louisiana
v.
Gilbert O. MAGEE.
No. 98-KA-1325.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1999.
*875 Harry F. Connick, District Attorney of Orleans Parish, Susan Erlanger Talbot, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
William R. Campbell Jr., Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge ROBERT A. KATZ.
KATZ, Judge.

STATEMENT OF CASE
On January 8, 1998, the defendant was charged with possession of cocaine in violation of LSA-R.S. 40:967. A jury trial found the defendant guilty of attempted possession of cocaine. The trial court denied the defendant's motion for post verdict judgment of acquittal and sentenced the defendant to serve thirty months at hard labor. The trial court denied the defendant's motion for reconsideration of sentence and granted the defendant's motion for appeal.
The State filed a multiple bill of information to which the defendant pled not guilty. After a multiple bill hearing, the defendant was adjudicated a third felony offender and according to State v. Dorthey, 623 So.2d 1276 (La.1993) was sentenced to serve fifteen years at hard labor. The State sought supervisory writs alleging that the sentence was illegally lenient. This Court granted the State's writ application, vacated the sentence imposed and remanded the matter for resentencing under the habitual offender statute. State v. McGee, 98-K-1983 (La.App. 4th Cir. 8/27/98). A resentencing hearing was held, in which the defendant was then sentenced to life imprisonment at hard labor. The trial court denied defendant's motion to reconsider sentence. It is from this conviction and sentence that the defendant appeals.

STATEMENT OF FACT
At approximately 10:00 a.m. on November 9, 1997, New Orleans Police Officers *876 Paul Noel and Harry O'Neal were patrolling the twenty two hundred block of Louisiana Avenue. They observed the defendant sitting on the steps of the residence at 2216 Louisiana Avenue, drinking out of an open container. The officers exited the vehicle and approached the defendant. While they were preparing a summons for defendant's violation of the open container law, they saw the defendant reach under his right leg and allegedly throw an object to the ground. The officers testified that they heard the object hit the ground. Officer O'Neal retrieved the object and discovered that it was a crack pipe. He testified that upon examining the pipe, he saw cocaine residue on the filter end of the pipe. The defendant was then placed under arrest. A search incident to the arrest yielded a metal push rod and two cigarette lighters.
Officer Joseph Tafaro, a criminalist with the New Orleans Police Department Crime Lab, testified that the crack pipe contained residue. The residue tested positive for cocaine.

ERRORS PATENT
A review of the record for errors patent reveals that the sentence imposed by the trial court after adjudicating the defendant a third felony offender is below the minimum mandatory sentence. Under LSA-R.S. 15:529.1, a third felony offender whose present felony or any one of the prior felonies is "a felony defined as a crime of violence under LSA-R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, ... shall be imprisoned for the remainder of his natural life, without the benefit of probation, parole or suspension of sentence." However, the Louisiana Supreme Court acknowledged in State v. Dorthey, 623 So.2d 1276 (La.1993), that a trial court could impose a sentence less than the minimum mandatory sentence when it determined that the minimum sentence mandated was constitutionally excessive as applied to the particular defendant and particular facts of the case.
When the trial court sentenced the defendant to life imprisonment, it failed to state that the sentence was to be served without benefit of parole, probation or sentence. In any event, on appeal, this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986).
No other errors patent were found.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
In this assignment, the defendant contends that the State failed to produce sufficient evidence to support his conviction for attempted possession of cocaine.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); *877 State v. Addison, 94-2431 (La.App. 4 Cir. 11/30/95), 665 So.2d 1224, 1228.
To prove attempted possession of cocaine, the State must show that the defendant had the specific intent to possess cocaine and committed an act directly tending toward his intent to possess the drug. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140.
Possession may be actual or constructive. State v. Chambers, 563 So.2d 579, 580 (La.App. 4 Cir.1990). A person in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control and he has guilty knowledge. State v. Trahan, 425 So.2d 1222, 1226 (La. 1983); State v. Cormier, 94-537, p. 5 (La. App. 3 Cir. 11/2/94), 649 So.2d 528, 531.
Factors relevant to a defendant's dominion and control include, inter alia: 1) the defendant's knowledge that illegal drugs are in the area; 2) the defendant's access to the area where the drugs are found; 3) the defendant's physical proximity to the drugs; 4) evidence that the area was frequented by drug users; and 5) evidence of recent drug use by the defendant. State v. Cormier, 649 So.2d at 531.
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4 Cir.1989). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial.
Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Goiner, 410 So.2d 1085, 1086-87 (La.1982). Although a conviction for possession of cocaine can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge, particularly in instances where there are no corroborating circumstances. State v. Spates, 588 So.2d 398, 401 (La.App. 2nd Cir.1991); State v. Jones, 94-1261, p. 6 (La.App. 3 Cir 5/17/95), 657 So.2d 262, 268.
In State v. Jackson, 557 So.2d 1034 (La. App. 4 Cir.1990), this Court reversed a conviction of attempted possession of cocaine. This Court found that the evidence was legally insufficient to establish that the defendant exercised dominion or control over the residue-containing paraphernalia. This Court reasoned that there was no evidence that the residue-containing pipe was warm, that the defendant's fingerprints were on any item, that the defendant tested positive for cocaine, or that the defendant was anything more than a guest in the apartment where the contraband was found. This Court stated that the mere presence of the defendant in close proximity of drugs or the defendant's knowledge of the presence of drugs in the premises where he is located is insufficient to prove constructive possession. Id. at 1035. This Court noted that there was no evidence, aside from the fact that the defendant was standing next to the paraphernalia that would support a finding of the defendant's exercise of dominion or control.
Similarly, in State v. Postell, 98-0503 (La.App.4Cir.4/22/99), 735 So.2d 782, where the defendant was convicted for possession of cocaine on the basis of a residue in a crack pipe, this Court reversed the conviction and held that the State failed to present sufficient evidence that the defendant knowingly possessed controlled dangerous substance to support the conviction. This Court stated that the State must present evidence that excludes every reasonable hypothesis of innocence to warrant a conviction for possession of cocaine. In this case, the defendant was in close proximity to the residue-containing pipe when he was arrested. The pipe was found on the sidewalk near him, not on his person. The State presented circumstantial evidence, such as the testimonies of the police officers involved with this investigation, *878 in an effort to satisfy its burden; however, after a careful review of the record, this Court found that the evidence in the record, at most, proved that the defendant possessed drug paraphernalia in violation of LSA-R.S. 40:1033. This Court further reasoned that there were several reasonable alternative explanations for the defendant having drug paraphernalia; however, without the supporting evidence, guilty knowledge cannot be gleaned from mere possession of the paraphernalia. Id. at 787.
In State v. Trahan, supra, the Louisiana Supreme Court reversed the defendant's conviction for possession of cocaine. The Court held that circumstantial evidence was sufficient to establish guilty knowledge of a defendant in establishing the requisite elements for a conviction of possession of a controlled dangerous substance. However, without the collateral and corroborating evidence, that conviction would be upheld. In that case, the Court found that the only evidence regarding the defendant's guilty knowledge was the testimony of a co-defendant, who was arrested along with the defendant and charged with the same offenses. Also, the police found Mannitol, a material used to cut cocaine, on the premises when the defendant was arrested. The Court held that there was doubt as to Trahan's dominion and control over the paraphernalia, and found that the presence of the Mannitol alone was not enough to establish guilty knowledge. Therefore, the Court had no choice but to reverse the conviction.
The State relies on State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991), to support its claim. In Spates, the defendant was convicted for possession of a trace amount of cocaine found on a piece of radio antenna converted into a special crack pipe called a "straight shooter". The Second Circuit affirmed the defendant's conviction and held that the mere physical possession of a device without any utility other than the ingestion of crack cocaine was sufficient to support a conviction of possession of cocaine. Id. at 402.
This case can be easily distinguished from Spates, supra. In Spates, the Court noted that, unlike Trahan, supra, there was no failure to physically connect Spates with the cocaine because the cocaine was seized directly from the defendant's person, i.e. his front pants pocket. However, in the case sub judice, the residue-containing pipe was not found on the defendant's person; it was found on the ground. As found in Trahan, supra, there is doubt as to the defendant's dominion and control over the paraphernalia, and the presence of the pipe alone is not enough to establish guilty knowledge.
As previously stated in State v. Postell, supra, the State must present evidence that excludes every reasonable hypothesis of innocence to warrant a conviction. In this case, the pipe was found on the ground of an "abandoned guest house" in a neighborhood that Officer O'Neal testified as being "notorious for drug activity." This fact presents a reasonable alternative explanation for the pipe being on the ground; it could have belonged to someone else. Other important factors, as pointed out in State v. Jackson, supra, there were no fingerprints taken; the officers did not suggest erratic behavior suggesting that the defendant was under the influence of cocaine. There was no evidence that the defendant took any steps to obtain the cocaine.
Thus, the State has failed to present evidence sufficient to conclude that the defendant had attempted possession of cocaine. Therefore, we must reverse the trial court's conviction.

ASSIGNMENT OF ERROR NUMBER 2
The defendant further argues that the life sentence imposed by the trial court is excessive under the standard established in State v. Dorthey, 623 So.2d 1276 (La. 1993).
The State alleges that the defendant should receive a mandatory life sentence *879 as a third felony offender having been convicted in 1978 for armed robbery and in 1989 in Alameda, California for distribution of narcotics.
Under LSA-R.S. 15:529.1, the defendant was subject to a mandatory life sentence as a third felony offender convicted of attempted possession of cocaine. However, this Court found that the defendant's conviction should be reversed and at most, the defendant should be charged with attempted possession of a drug paraphernalia in violation of LSA-R.S. 40:1033, which is a misdemeanor and not a felony. Therefore, the defendant would not be considered a third felony offender and not subject to these rules.
In view of this Court's above ruling, we find no reason to further discuss this second assignment of error.

CONCLUSION
For the foregoing reasons, this Court: (1) reverses the defendant's conviction and sentence for attempted possession of cocaine; (2) reverses the multiple bill; and (3) remands this matter to the district court for proceedings consistent with this opinion.
CONVICTION & SENTENCE REVERSED; MULTIPLE BILL CONVICTION REVERSED; & REMANDED.