823 So.2d 1093 (2002)
STATE of Louisiana, Appellee
v.
Bobby DAGGS, Appellant.
No. 36,216-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1095 Louisiana Appellate Project, by Edward K. Bauman, Lake Charles, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Cynthia P. Lavespere, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Defendant appeals his conviction, claiming insufficiency of the evidence; he appeals his sentence, claiming excessiveness. We affirm both.
Defendant was tried twice for possession of a firearm by a convicted felon, La. R.S. 14:95.1, and also for possession of cocaine, La. R.S. 40:967. His first trial on these two charges ended with a deadlocked jury.
The second time the defendant went to trial on these same charges, he was convicted of the responsive verdicts of attempted possession of a Schedule II drug (cocaine) and attempted possession of a firearm by a convicted felon. La. R.S. 14:27; La. R.S. 40:967; La. R.S. 14:95.1. The trial court sentenced him to seven and one half years at hard labor without benefits on the firearm charge and two years on the drug charge, to run consecutively.

FACTS
On April 11, 2000, at approximately 11:00 p.m., Officer Michael J. Fendall, Monroe Police Department, was on patrol when, according to his testimony:
 he saw the defendant standing on the corner of South 25th and Maddox Streets;
 he turned on his high beams and approached the defendant, who began to turn away from him;
 the defendant dropped a stick-like object and what looked like small pieces of paper, and began to walk away from Officer Fendall, who exited his vehicle and asked the defendant to walk toward him;
 the officer had the defendant place his hands on the vehicle;

*1096  the officer looked at the spot where the defendant had been standing and saw on the ground a shotgun fitting the general description of the stick-like object seen falling to the ground from the hands of the defendant;
 no other stick-like objects were found where the defendant had been standing;
 once backup arrived, the officer retrieved the gun and also found a small tubular metal pipe, commonly referred to as a crack pipe, where the defendant had been standing;
 the officer also found a wooden twig, which the officer described as a push rod, in the defendant's front pocket;
 after being advised of his Miranda rights, the defendant waived them, admitting having just received the gun from some juveniles in the neighborhood; and
 the defendant then confessed to smoking crack cocaine for several years.
Susan Rutledge was received as an expert in forensic chemistry. She analyzed the metal pipe found by Officer Fendall and determined that it contained cocaine. Rutledge further testified that she did not test the wooden twig because push rods usually do not have enough residue to perform the analysis.
Allen Freeman, Jr., testified that:
 the defendant (a mechanic) worked on a car at Freeman's home on April 11, 2000, arriving between 7:00 p.m. and 8:00 p.m., and leaving between 11:00 p.m. and midnight;
 the defendant lived about a half mile away from Freeman;
 he did not see the defendant with anything incriminating; and,
 on cross, that he (Freeman) was not at the scene of the arrest.
The defendant testified that:
 he started using drugs when was 22;
 he was a recovering alcoholic and addict, but had been clean for two years;
 he went to LSU Medical Center on April 11, 2000, to get treatment for some injuries, returning to Monroe about 7:30 or 8:00 p.m., stopping by his grandmother's house before going to Freeman's house to work on a car;
 he is a certified auto mechanic;
 he left Freeman's house at approximately 10:30 or 11:00 p.m. and started walking to his sister's house, encountering Dexter Bouie and Larry Stanley along the way;
 After speaking with the two gentlemen, he continued walking toward his sister's house;
 he got to within 30 yards of his sister's house, at which juncture he saw the flashing blue lights of a police car;
 he turned around, was instructed by the officer to put everything he had on the hood of the officer's car, to which demand, he complied;
 the officer shined a light in the grassy lot near the corner and retrieved what the defendant thought was a stick; and
 the officer placed him under arrest for carrying a concealed weapon.
The defendant further testified that he:
 did not have a gun or a metal pipe;
 told the officer that the gun could have come from any kid in the neighborhood;
 denied that he told Officer Fendall that he received the gun from some juveniles in the neighborhood or that he had been smoking crack for years; and
 did not drop anything on the ground.

*1097 DISCUSSION
Defendant first alleged on appeal that there was insufficient evidence by which to sustain the convictions. The law as to sufficiency of the evidence is clear.[1]
To support a conviction of possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App.2d Cir.9/27/95), 661 So.2d 657.
Officer Fendall testified that he saw the defendant drop a stick-like object. Officer Fendall further testified that he found a shotgun in the area where the defendant was standing that matched the description of the stick-like object he had seen. Moreover, Officer Fendall testified that the defendant admitted that he received the gun from some juveniles in the neighborhood. The defendant stipulated that he was convicted of attempted distribution of cocaine within the ten-year statutory period of limitation. Thus, the evidence, viewed in the light most favorable to the prosecution, supports a verdict for possession of a firearm by a convicted felon. The defendant was charged with possession of cocaine and possession of a firearm by a convicted felon and the jury returned verdicts for attempted possession of cocaine and attempted possession of a firearm by a convicted felon. Accordingly, the responsive verdict rendered by the jury for attempted possession of a firearm by a convicted felon must be upheld.
To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990); State v. Chambers, 563 So.2d 579 (La.App. 4th Cir. 1990). Guilty knowledge is therefore an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982); State v. Christopher, 561 So.2d 935 (La. *1098 App. 2d Cir.1990), writ denied, 567 So.2d 1124 (La.1990).
The rule as to circumstantial evidence is also clear.[2]
A conviction for possession of controlled dangerous substances may rest on the possession of mere traces or residue of the substance. See State v. White, 535 So.2d 929 (La.App. 2d Cir.1988), writ denied, 537 So.2d 1161 (La.1989); State v. Fontenot, 578 So.2d 1032 (La.App. 3d Cir. 1991), writ denied, 582 So.2d 1305 (La. 1991). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of a drug, it is clear that the amount of the substance will have some bearing on a defendant's guilty knowledge.
A consideration of other reported cases involving the possession of trace amounts of controlled dangerous substances is instructive of the evidence necessary in such cases to show a defendant's guilty knowledge. Ultimately, the determination of whether there is possession of a controlled dangerous substance sufficient to convict depends on the facts peculiar to each case. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Chambers, supra.
In State v. Magee, 98-1325 (La.App. 4th Cir.12/15/99), 749 So.2d 874, writ denied, 99-3587 (La.6/2/00), 763 So.2d 593, the Fourth Circuit reversed a jury's verdict where a residue-containing crack pipe was found on the ground near the defendant, no fingerprints were taken and the defendant did not exhibit any erratic behavior associated with being under the influence of crack cocaine.
In State v. Jackson, 557 So.2d 1034 (La. App. 4th Cir.1990), the court held that the mere presence of the defendant in close proximity to drug paraphernalia was insufficient to sustain a conviction for attempted possession of cocaine.
However, in State v. Jones, 94-1261 (La. App. 3rd Cir.5/17/95), 657 So.2d 262, the Third Circuit upheld a jury verdict for possession of cocaine based on a residue-containing crack pipe. In that case, the defendant discarded a crack pipe and a plastic bag containing a substance resembling cocaine while fleeing from the police. Only the crack pipe tested positive for cocaine. The court adopted the reasoning in State v. Spates, 588 So.2d 398 (La.App. 2d Cir.1991), that physical possession of an instrument with no utility other than ingestion of crack cocaine is sufficient under the Jackson standard to support a conviction for possession of cocaine.
The facts in the instant case are analogous to State v. Jones, supra, and distinguishable from State v. Magee, supra, and State v. Jackson, supra. While Officer Fendall was on patrol, he saw the defendant discard several items. From where the defendant had been standing, the officer retrieved a shotgun and a crack pipe, which was later determined to contain cocaine. The officer also retrieved a wooden twig, which the officer described *1099 as a push rod used to aid in smoking crack cocaine, in the defendant's front pocket. Also, the defendant admitted smoking crack cocaine for several years. Such evidence is sufficient to support a conviction for possession of a controlled dangerous substance. Thus, the jury's responsive verdict for attempted possession of a controlled dangerous substance must be upheld.
The defendant has further alleged on appeal that
1. Based upon this record, there is insufficient justification by which to sustain the imposition of these maximum, or near maximum sentences;
2. The trial court should have imposed concurrent, instead of consecutive sentences; and
3. The sentences are unconstitutionally excessive.
The penalty for attempted possession of a firearm by a convicted felon is a sentence at hard labor for not less than five years nor more than seven and one half years without benefits of probation, parole, or suspension of sentence, and a fine of not less than $500 nor more than $2,500. La. R.S. 14:27; La. R.S. 14:95.1. The penalty for attempted possession of a Schedule II controlled dangerous substance (cocaine) is a sentence with or without hard labor for not more than two and one half years and/or a fine of not more than $2,500. La. R.S. 14:27; La. R.S. 40:967(C).
Defendant did not file a La. C. Cr. P. art. 881.1 motion to reconsider the sentence in the trial court; thus, our review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164.
The law on excessive sentences is also quite clear.[3]
The trial court noted the defendant's social history, educational background, as well as his substance and drug abuse problems. The trial court also noted the facts of the case and the defendant's extensive criminal history, which dated back to 1986, including arrests and convictions for aggravated battery, traffic violations, numerous thefts, unauthorized use of a movable, attempted distribution of cocaine, and simple battery. The defendant was on parole for the crime of attempted distribution of cocaine at the time of the commission of the instant offenses.
In sentencing the defendant to consecutive maximum or near maximum sentences, the trial court stressed that the defendant had not availed himself of the lenient sentences he received in the past, that the defendant was not a youthful offender and had shown no remorse, nor accepted responsibility for his actions. Thus, the trial court provides ample justification for imposing consecutive maximum and near maximum sentences. Given those considerations, the sentences do not shock the conscience and are not unconstitutionally excessive. See State v. Herndon, 513 So.2d 486 (La.App. 2d Cir.1987), *1100 and State v. Robertson, 97-1040 (La.App. 4th Cir.11/19/97), 702 So.2d 1207. This assignment is therefore without merit.

CONCLUSIONS AND RECOMMENDATIONS
The defendant's conviction and sentence are affirmed.
NOTES
[1] Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).

This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
If the evidence supports a conviction of the charged offense, the jury's conviction of a responsive verdict must be upheld. State v. Jasper, 28,187 (La.App.2d Cir.6/26/96), 677 So.2d 553, writ denied, 96-1897 (La.2/21/97), 688 So.2d 521; State v. Holland, 544 So.2d 461 (La.App. 2d Cir.1989), writ denied, 567 So.2d 93 (La.1990).
[2] The rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. However, this statutory rule for circumstantial evidence does not provide a separate test from the Jackson v. Virginia standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984); State v. Eason, 460 So.2d 1139 (La.App. 2d Cir.1984), writ denied, 463 So.2d 1317 (La. 1985). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson v. Virginia to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.
[3] Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.