ROLAND L. BELSOME, Judge.
 

 |, Defendant-Appellant appeals his conviction and sentence of two years active probation for cocaine possession. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Deputy Damien Anthony of the Criminal Sheriffs Office testified that on September 25, 2007, he was on duty at Central Lock
 
 *936
 
 up and received custody of Raul Ramos from Officer Mark Jovanich of the New Orleans Police Department. Deputy Anthony collected the defendant’s clothes and searched them for any contraband or weapons. During his search, Deputy Anthony discovered a small bag containing a white powdery substance in the coin pocket on the right side of the defendant’s blue jeans. Deputy Anthony informed the Officer of his discovery and turned the evidence over to him.
 

 Jefferson Parish Sheriffs Deputy Mark Jovanich testified that on September 25, 2007, he was employed as a police officer with the New Orleans Police Department. He stated that he and his partner, Lakeith Jernigan, took the defendant into custody and took him to Central Lockup. The deputy related that narcotics were discovered in Mr. Ramos’ pants by the receiving deputy at Central Lockup. Deputy Jova-nich stated that he had searched the defendant himself but|2must have overlooked the contents of the coin pocket. Deputy Jovanich conducted a field test of the white substance, which was ultimately positive for cocaine.
 
 [1]
 
 Deputy Jovanich then transported the evidence to Central Property and Evidence at the New Orleans Police Department.
 

 Officer Lakeith Jernigan testified consistently with his partner. He stated that he spoke with a man named Marco Pedia before placing the defendant into custody. Pedia advised him that he and Ramos had gotten into a fight after Ramos accused Pedia of wearing Ramos’s clothes.
 

 Paul Ramos testified in his own defense, relating that at the time of his arrest, he and Marco Pedia shared an apartment with eight or nine other individuals. He testified that after he came home from work he took a shower, leaving his clothes unattended. While he was showering, Pe-dia advised him that he was going out to get some food. After showering, Ramos got dressed and went to the store, and while making a purchase, noticed that twenty dollars had been removed from his wallet. Ramos further testified that he returned home and found Pedia in the bathroom with cocaine, at which point he accused Pedia of stealing his money, took the cocaine from Pedia’s hand and some cocaine that Pedia had left on the table.
 

 Ramos stated that Pedia subsequently left the apartment angry, and that he put the drugs on a table in the living room. Ramos testified that he left the apartment some time later with the cocaine, intending to return the cocaine to Pedia. According to Ramos, Pedia was standing on the staircase to the second floor when Ramos approached him with the drugs, but Pedia kicked him in the leg [ .-¡and he fell down the stairs. The police arrived shortly thereafter, at which point Ramos testified that, upon seeing the police, he concealed the cocaine that he had in his hand into the pocket of his pants.
 
 [2]
 

 The State filed a bill of information charging the defendant, Raul Ramos with aggravated battery and possession of cocaine. Ramos pled not guilty at arraignment. Defense motions were heard on January 31, 2008, at which time the court denied the motion to suppress evidence, found probable cause on the charge of possession of cocaine, but found no probable cause as to the charge of aggravated battery.
 

 
 *937
 
 On February 26, 2008, the state elected to sever the charges and to proceed as to the charge of possession of cocaine only. After a trial, the jury found the defendant guilty as charged.
 

 On April 1, 2008, the trial court sentenced the defendant to two years, suspended the sentence, and placed the defendant on two years active probation. The trial court granted the defendant’s motion for appeal. On May 2, 2008, the State withdrew the previously filed multiple bill.
 

 ERRORS PATENT
 

 A review of the record for errors patent reveals none.
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 Defendant contends that the evidence was insufficient to support his conviction. Specifically, defendant contends that the State failed to prove either that he knowingly possessed the cocaine or that he exercised dominion of control over the substance beyond a reasonable doubt.
 

 |4The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the contraband and that he knowingly possessed it. La. R.S. 40:966. The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction.
 
 See State v. Trahan,
 
 425 So.2d 1222, 1226 (La.1983). A person not in physical possession of narcotics may have constructive possession when the drugs are under that person’s dominion and control.
 
 State v. Jackson,
 
 557 So.2d 1034 (La.App. 4 Cir.1990).
 

 On appeal, Defendant argues he had no knowledge of the cocaine that Pedia left in the pocket, and that all the occupants of the apartment had access to defendant’s clothing and money. Defendant further argues that, as evidence that he had no knowledge of the drugs, he did not attempt to hide or discard the cocaine and thus had no guilty knowledge.
 

 The defendant admitted, however, to knowing possession of the cocaine at trial when he testified that he took the cocaine from Pedia when he confronted Pedia in the bathroom about the money and took the cocaine from Pedia’s hand and cocaine from the table. Likewise, defendant did not contend that he was unaware that the cocaine was in his pants. Furthermore, defendant admitted attempting to conceal the drugs upon seeing the police arrive. Additionally, the fact that the drugs were recovered in the defendant’s pants establishes his dominion | Rand control as he was in actual physical control of the drugs. Accordingly, this assignment of error lacks merit.
 

 CONCLUSION
 

 We find that the State established beyond a reasonable doubt that defendant knowingly and intentionally possessed cocaine. The conviction and sentence are hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The parties stipulated that if Criminalist Phuong Hoang were called to testify, he would testily that the substance recovered from Mr. Ramos tested positive for cocaine.
 

 [2]
 

 . At trial, Ramos denied that it would have been possible for anyone else in the apartment to have worn his pants.